282 P.2d 304

**Wilfred A. ROGALSKI, Plaintiff and Respondent,**

v.

**PHILLIPS PETROLEUM COMPANY, a corporation, Defendant and Appellant.**

**No. 7982.**

Supreme Court of Utah.

April 8, 1955.

Dennis McCarthy, David E. Salisbury, Salt Lake City, for respondent.

McKay, Burton, McMillan & Richards, Paul E. Reimann, Salt Lake City, for appellant.

McDONOUGH, Chief Justice.

Appeal from a judgment on a verdict for plaintiff awarding damages for personal injuries sustained while on the property of defendant, Phillips Petroleum Company.

At the time he was injured, plaintiff was engaged in steam cleaning a truck owned and operated by his employer, Parley Droubay, a "distributing agent" of defendant's products, on a concrete platform maintained by the defendant to clean its own trucks. Plaintiff stumbled into a vat of caustic soda, which was within two inches of the platform, used by defendant for cleaning by immersion certain truck parts. Although the vat stood 13 or 14 inches in height above the level of the ramp, plaintiff testified that he did not see it when he drove on to the platform because he was intent on placing the truck in the right position for cleaning and he further testified that he was unable to see it later because the steam cleaning equipment produced a great deal of vapor, obscuring his vision. The relationship of plaintiff's employer to the company is defined by the evidence as that of lessee of a part of the defendant's property, the holder of a right-of-way as to another portion, and a purchaser of defendant's products, which were delivered to him on another part of defendant's property where the pumps and docks are located. The place where the accident occurred is not within any of these particular areas where business is customarily transacted between Droubay and officials of the company, but there is ample evidence of the company's acquiescence in Droubay's use of the steam

cleaning equipment. The case was submitted to the jury on the theory that plaintiff could not recover unless the jury found him to be a business visitor upon the premises.

■ Appellant complains that its theory of the case, i. e. that plaintiff was a trespasser or, at most, a bare licensee, was not presented to the jury in the instructions.

Instruction No. 5 concludes:

"If you' find from the evidence that the defendant was not negligent, *or that the plaintiff was not a business invitee of defendant,* or that the plaintiff was guilty of contributory negligence, as that term is elsewhere herein defined for you, then *your verdict shall be for the defendant no cause of action."* (Emphasis added)

This instruction states a proposition which is too broad to conform with the holdings of this court. In Martin v. Jones, Utah, 253 P.2d 359, one who was a trespasser, seen by defendant in proximity to a known artificial danger, was allowed to recover for injuries received upon defendant's property. However, here the greater burden of proving himself a business invitee was placed upon the plaintiff and he was so found by the jury. Therefore, if the elements necessary to prove the relationship were set forth in other instructions and there was competent evidence from which the jury could draw the conclusion that he was a business invitee, it was unnecessary, from the defendant's point of view, to give instructions as to the duty owed to a trespasser or licensee.

■ The facts of the relationship between plaintiff's employer and the Phillips Company are disputed only in a few details. Droubay leased a part of the property owned by the company and he was a distributing agent of the company, thus necessitating that he enter the area of the fuel pumps in order to fill his tank trucks. Certainly, as to these portions of the property, he and his employees were business invitees, regardless of an express invitation to enter the property, for the law will imply an invitation where the purpose of such entrance is connected with business dealings between such person and the occupier of the land. Restatement of Torts, Sec. 332. Further, where the evidence of consent to enter that place where the accident occurred is uncontroverted and the presence of the plaintiff is beneficial to the owner and in pursuance of the object of the original invitation, the invitation extends to that portion as a matter of law. Hayward v. Downing, 112 Utah 508, 189 P.2d 442. But the facts of this case do not fall within the rule of Hayward v. Downing since the presence of the plaintiff upon the cleaning platform was not for the purposes of the original invitation, the execution or performance of the lease or the buying and selling of petroleum products.

The extent of the invitation, in cases such as this, has been held to be a question of fact for the jury to decide, Martin v. Food

Machinery Corp., 100 Cal.App.2d 244, 247, 223 P.2d 293; in other words, it is for the jury to determine whether a person in plaintiff's position would believe under the circumstances that the occupier of the property desired him to enter that portion of the property. It is true that Droubay, plaintiff's witness, through whom the invitation, if any, was extended, testified that he considered the use of the ramp as a "neighborly accommodation" on the part of the defendant; but plaintiff was not bound by this testimony and the jury, apprised of his relationship with the company, was at liberty to consider his testimony in the light of other evidence produced.

Instruction No. 10 reads:

"In determining the question of whether the plaintiff was a business visitor on the property of defendant and particularly that portion of defendant's property consisting of the concrete truck washing ramp and vicinity, you must consider the issue of whether the plaintiff had permission to enter thereon.

"In this connection, you are advised that the permission to enter onto the defendant's property does not need to be an express permission. It may consist of an implied permission, inferred from a course of conduct or acquiescence on the part of the defendant, its agents or employees. If you find, therefore, from a preponderance of the evidence that Parley Droubay and his employees had washed trucks on the concrete washing platform for a period of time prior to plaintiff's injury, and that neither the defendant or its employees had objected to such an operation, but had permitted and acquiesced in it, and that such washing of trucks was to the mutual business advantage of both the defendant and Droubay, then you may find from such evidence that the plaintiff occupied the status of a business visitor in going on the platform and washing a truck at the time of his injury."

The jury had before it evidence from which it could conclude that certain benefits would be received by the Phillips Company by the entrance of Droubay upon the washing ramp: the Droubay trucks bore the colors and insignia of Phillips and hence it was to the company's advantage to have those trucks appear clean; the company is interested in maintaining the good will of that agent; the savings in operation cost to the agent through the use of the company's facilities might redound to the company's benefit by reason of its distributor's financial health. The jury further heard evidence pertaining to the long-continued use of the cleaning appliances by Droubay and both actual permission and tacit acquiescence. If the jury had found from a preponderance of the evidence that Rogalski did not meet the test set forth in Instruction No. 10, which complies with the definition for Business Visitor in Restate-

208

ment of Torts, Sec. 332, then they would have denied recovery to the plaintiff.

■■ The duty owed by an owner of land to a business visitor is to inspect and maintain his premises in a reasonably safe condition or to warn the visitor of any dangerous conditions existing thereon. Restatement of Torts, Sec. 343. Defendant produced evidence that the caustic tank was covered with a lid at times before and after the accident; it admitted that no warning signs were placed anywhere near the tank. It is quite beyond belief to suppose that plaintiff removed the lid for the purpose of stepping into the tank and the jury's determination that defendant was liable for the injury was properly predicated either on the defendant's failure to inspect to see that the lid was on or its failure to warn plaintiff of the danger.

By plaintiff's testimony, he did not observe the tank of caustic acid. Further, he testified that he knew that if he turned the nozzle of the steam hose away from where he wished to look and "waited a minute, the steam would clear," and yet he proceeded around the truck, feeling his way through the steamy mist by pressing his hip against the right fender of the truck. Appellant claims that these admissions create a situtaion where the court should have found him guilty of contributory negligence as a matter of law.

[7] It has been frequently announced by this court that contributory negligence is a question for the jury unless all reasonable men must draw the same conclusion from the facts as they are shown. Shafer v. Keeley Ice Cream Co., 65 Utah 46, 234 P. 300, 38 A.L.R. 1523; Lowe v. Salt Lake City, 13 Utah 91, 44 P. 1050, 57 Am.St.Rep. 708; Baker v. Decker, 117 Utah 15, 212 P.2d 679. As was said in Linden v. Anchor Min. Co., 20 Utah 134, 58 P. 355, 358:

" 'Where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this, whether the uncertainty arises from a conflict in the testimony, or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them.' "

■ In the present case, although there is no conflict in the evidence on this question, the triers of the facts might justifiably conclude that a person, acting with due regard for his own safety and with no awareness of the presence of a dangerous liquid, could not be required to inspect the premises for possible hazards. Even had he observed the tank, he could not have been apprised of the danger inherent in the liquid therein contained. A prudent person, with knowledge of facts which can be ascribed to him as a matter of observation, would perhaps discount the necessity of avoiding carefully an apparently harmless tank of liquid and certainly would not be required to use extraordinary care for his own safety. " 'As it generally is expressed,

a plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge or means of knowledge of the danger · * * *.' " Knox v. Snow, Utah, 229 P.2d 874, 876, quoting 38 Am.Jur., Negligence, Sec. 184. The cases cited by appellant where the plaintiff was held contributorily negligent by reason of his failure to observe are clearly distinguishable from the present case, for in each of them had plaintiff exercised the proper degree of care he would have known of the danger. Under the facts and circumstances of this case, it was properly for the jury to determine whether or not plaintiff exercised reasonable care and caution in continuing around the truck, using the fender as a guide, when the steam was yet clouding his vision.

The defendant filed a motion to dismiss the complaint on the grounds that the State Insurance Fund, which had paid compensation to plaintiff, was not joined and was a necessary party plaintiff. This motion was denied. Defendant then defended on the grounds that the cause of action, if any, was in the State of Utah, or the State Insurance Fund. The State Insurance Fund authorized by letter plaintiff's attorney to represent the interest of the State of Utah "in attempting to procure reimbursement to the fund for the amounts which the State Insurance Fund has been required to pay in this case." Appellant claims that U.C.A.1943, 42-1-58, U.C.A. 1953, 35-1-62, must be interpreted to give the sole right of action to the insurance carrier after the carrier has paid compensation and cites the language of the statute: " * * * the employer or insurance carrier shall become trustee of the cause of action against the third party and may bring and maintain the action either in its own name or in the name of the injured employee." Certainly, this language does give the insurance carrier a right of action, but it was not meant to abrogate the language preceding this quotation which provides: "When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of another * * * the injured employee * * * may claim compensation and the injured employee * * * may also have an action for damages against such third person."

As to whether the insurance carrier will be bound by a judgment rendered when it was not notified of the action, so as to prevent two actions against the defendant arising out of the same cause, need not here be decided. The State Insurance Fund waived its rights under the statute by the letter on file in this case and thus will be bound by the judgment for or against plaintiff to the extent of its interests.

Affirmed. Costs to respondent.

CROCKETT, HENRIOD and WADE, JJ., concur.

WORTHEN, J., does not participate herein.