375 P.2d 394

**Ray McCONNELL, Plaintiff and Respondent,**

v.

**The COMMISSION OF FINANCE of Utah,
Defendant and Appellant.**

No. 9635.

Supreme Court of Utah.

Oct. 24, 1962.

A. Pratt Kesler, Atty. Gen., Raymond W. Gee, Deputy Atty. Gen., Salt Lake City, for appellant.

Hanson & Baldwin, H. Wayne Wadsworth, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff brought this action against the Utah State Finance Commission, administor of the State Insurance Fund, for reimbursement of attorneys' fees incurred by plaintiff in securing a recovery against a third party tortfeasor. Defendant appeals from a summary judgment in favor of plaintiff.

Plaintiff, while in the course and scope of his employment with Salt Lake Transportation Company, suffered personal injuries when the automobile he was driving was struck by a vehicle driven by one Tolman. The State Insurance Fund, as compensation carrier for Salt Lake Transportation, paid to or for the injured plaintiff, as workman's compensation, the sum of $2,652.01.

Through his attorneys, plaintiff brought a personal injury action against Tolman which was settled, out of court, for $14,000. The attorneys handled the matter on a contingent fee basis of one-fourth of the recovery. Plaintiff has paid defendant the sum of $2,652.01 and now seeks in this action to recover back from this amount one-fourth thereof as defendant's share of the legal fees. The lower court awarded him a summary judgment on his claim which amounted to $663.00.

The question before us is whether or not, under the circumstances, the State Insurance Fund's share of the recovery should be reduced by a proportionate share of the attorneys' fee incurred in the action brought by the injured employee. This necessitates a construction of a provision of our Workmen's Compensation Act, namely Section 35-1-62, U.C.A.1953.[1]

With relation to the disbursement of the proceeds of a recovery against a third party, the first subsection of the statute gives a first priority to the payment of the costs, including attorneys' fees, of the action. These expenses are to be apportioned among the *parties*.

The second subsection gives a second priority to the reimbursement in *full* to the insurance carrier for all payments made by it in way of compensation to the injured employee.

If an insurance carrier initiates an action under this statute against a third party, or is made a party in an action initiated by the injured employee, any attorneys' fees incurred by it would fall within the priority provided in subsection (1). However, in the instant case, the State Insurance Fund was not a *party* to the action and did not incur any legal expenses.

---

1. Sec. 35-1-62. "When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of another person not in the same employment, the injured employee, or in case of death his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person. If compensation is claimed and the employer or insurance carrier becomes obligated to pay compensation, the employer or insurance carrier shall become trustee of the cause of action against the third party and may bring and maintain the action either in its own name or in the name of the injured employee, or his heirs or the personal representative of the deceased, provided the employer or carrier may not settle and release the cause of action without the consent of the commission.

"If any recovery is obtained against such third person it shall be disbursed as follows:

"(1) The reasonable expense of the action, including attorneys' fees, shall be paid and charged proportionately against the parties as their interests may appear.

"(2) The person liable for compensation payments shall be reimbursed in full for all payments made.

"(3) The balance shall be paid to the injured employee or his heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation."

Furthermore, subsection (2) requires that the insurance carrier be reimbursed in *full*, providing of course, the amount of recovery is sufficient to do so after payment of the legal expenses, including attorneys' fees. If plaintiff were right in his contention that an insurance carrier is liable for its proportionate share of the costs and fees, then an insurance carrier would never be reimbursed in full.

Reversed. No costs awarded.

WADE, C. J., and HENRIOD, Mc-DONOUGH and CROCKETT, JJ., concur.