426 P.2d 223

Bruce T. WORTHEN, Plaintiff
and Respondent,

v.

SHURTLEFF AND ANDREWS, INC.,
a corporation, Defendant,

and

The Department of Finance, Successor of the
Commission of Finance, Administrator of
the State Insurance Fund, Intervenor and
Appellant.

No. 10651.

Supreme Court of Utah.

April 3, 1967.

———◇———

Robert D. Moore, Salt Lake City, for appellant.

Edward M. Garrett, Salt Lake City, for respondent.

CROCKETT, Chief Justice:

This is an appeal by The State Insurance Fund from an order requiring it to pay its proportionate share of costs and attorney's fees incurred by plaintiff, Bruce T. Worthen, in obtaining recovery against defendant, Shurtleff and Andrews, Inc., which benefits both Worthen and the Insurance Fund.

For the purpose of considering the issue here presented, the facts can be regarded thus: On December 2, 1964, the plaintiff Worthen was injured in the course of his employment for H. F. Lowder Milk Co. He received medical expenses and workmen's compensation totaling $10,667.44 from The State Insurance Fund. Meanwhile he employed his attorney, Mr. E. M. Garrett, on a one-fourth contingent fee basis and sued Shurtleff and Andrews for negligence in causing his injuries. At the time of trial and before submission to the jury the case was settled for $60,000.00. The defendant Insurance Fund was then ordered into the case for a determination as to how that recovery should be disbursed and to show cause why it shouldn't be required to bear its share, i. e., one-fourth of its $10,667.44 reimbursement, for the benefit of the plaintiff's attorney for making such recovery.

The question as to the allocation of the money recovered from the third party hinges upon the interpretation and application to be given Section 35–1–62, U.C.A. 1953:

1. When any injury or death * * * shall have been caused by the wrongful act or neglect of another person not in the same employment, the injured employee, * * * may claim compensation and * * * may also have an action for damages against such third person. If * * * the employer or insurance carrier becomes obligated to pay compensation, [he] * * * may bring and maintain the action either in its own name or in the name of the injured employee, * * *

If any recovery is obtained against such third person it shall be disbursed as follows:

(1) The reasonable expense of the action, including attorneys' fees, shall be paid and charged proportionately against the parties as their interests may appear.

(2) The person liable for compensation payments shall be reimbursed in full for all payments made.

(3) The balance shall be paid to the injured employee or his heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation.

■ The difficulty here confronted arises because if paragraphs (1) and (2) above are read separately and literally, each excluding consideration of the other, they are in conflict. If the directive of (1) is followed: that the expenses shall be charged against the parties as their interests appear, then the directive of paragraph (2), that the insurer paying the compensation "shall be reimbursed in full" cannot be complied with. Conversely, if the insurer is "reimbursed in full," then it is not charged its share of the expenses as provided in paragraph (1). Where there is such conflict in the provisions of statutes it is improper to place all of the emphasis on either provision to the exclusion of the other. They should be considered together and it is proper to examine into the background and purpose as well as to the language of the statute to discover what the legislative intent was as to which should have priority.[1]

■ The basic purpose of this statute is that of making an equitable arrangement between an injured employee, and an insurer (or employer) who pays him workmen's compensation, with respect to a cause of action against a third party who injures the employee. It preserves the action to the employee, but it prevents him from having double recovery by requiring him to reimburse the insurer. It also gives the insurer the right to bring the action, but allows it only to reimburse itself and then pay any balance to the employee.

■ Where each of the parties has the right to bring the action [2] and one takes the initiative and obtains a recovery for the benefit of both, it is only fair that each bear his share of the expenses necessarily incurred in doing so. That this is the meaning intended in paragraph (1) seems unmistakably clear. In providing that if recovery is obtained against the third party the expenses including attorney's fees shall be charged "proportionately against the *parties* as their *interests* may appear," it is to be noted that those terms could not apply to the two parties to the original action (plaintiff Worthen and defendant Shurtleff and Andrews) because Worthen receives the money from Shurtleff and Andrews, who have no further interest in it after paying it over. Therefore, the only possible "parties" who have "interests" in the money are Worthen and The State Insurance Fund (the latter being entitled to reimbursement.) It thus follows that Sec. (1), with unmis-

1. See Norville v. State Tax Comm., 98 Utah 170, 97 P.2d 937, 126 A.L.R. 1318.

2. See Rogalski v. Phillips Petroleum Co., 3 Utah 2d 203, 282 P.2d 304.

takable clarity requires that the expenses and attorney's fees be charged proportionately against these "parties" (Worthen and The State Insurance Fund) as their "interests" appear. It is more reasonable to assume that the Legislature intended this application of the statute which comports with its equitable purpose than one which would bring about a contrary result.[3]

■■ In addition to the equitable result arrived at by giving priority to paragraph (1) as we have discussed above, there is another persuasive consideration which supports that conclusion. When a statute undertakes an allocation of funds, the sequence in which it does so should be regarded as having some significance. This perhaps would be plainer if the statute had stated that the funds recovered should be disbursed "first," "second," and "third." However, the intent shown thereby is not necessarily different from the priority of allocation which would be indicated by using the numerals (1), (2), and (3). If we do as the statute says and make the allocation provided for in paragraph (1) first, that is, charging the recovery with the costs and attorney's fees in proportion to the interests of the parties, the disbursement stated first is made first, and has priority over the provision for disbursement which follows it in paragraph (2). Then the reimbursement to the insurer is made from the funds remaining and to extent possible after the first requirement for disbursement is complied with. This application of the statute can be reconciled with the requirement that the insurer be "reimbursed in full, by regarding that phrase simply meaning reimbursement for its full share after the prior requirement of the statute is fulfilled, and that the insurer cannot be compelled to take less than its proportionate share in any compromise or settlement arranged by others.

■ The defendant, The State Insurance Fund, presents another point of argument which deserves comment: That inasmuch as it did not hire the plaintiff's attorney and is not a party to the contract, to hold that it is bound to that contract is to leave it at the mercy of parties over whom it has no control. That it is not a party to the contract must be conceded. But by the same token, it is not bound thereby. Its obligation derives from the statute requiring it to bear its share of "the reasonable expenses of the action, including attorneys' fees." And that is all it is chargeable with, regardless of what the other parties may contract for. In the instant case the trial court approved the one-fourth contingent fee as reasonable.

We have so concluded cognizant of McConnell v. Commission of Finance, 13 Utah 2d 395, 375 P.2d 394, in which the insurance carrier was not made a party, but in so

3. See Local Realty Co. v. Steele, 90 Utah 468, 62 P.2d 558.

far as this case may be inconsistent with McConnell, that case is overruled. Consistent with our holding here, see Charles Seligman Distributing Co. v. Brown (Ky.), 360 S.W.2d 509, 511.

The considerations we have discussed above and which bring about an equitable result in conformity with what we believe to be the overall intent of the statute impress us as being more persuasive than the defendant's argument that paragraph (2) requiring the insurer to be "reimbursed in full" should be taken literally, and to the exclusion of the preceding paragraph which requires that the parties having an interest in the money recovered have their proportionate share of the costs and attorney's fees deducted as provided in paragraph (1) before the remainder is allocated to them as provided in paragraphs (2) and (3). Accordingly, the judgment in favor of the plaintiff is affirmed. Costs to plaintiff (respondent).

TUCKETT, J., and BRYANT H. CROFT, District Judge, concur.

HENRIOD, Justice (dissenting).

I dissent. I prefer to stick with the decision in McConnell v. Commission of Finance,[1] which was concurred in unanimously, the author of this case participating.

The main opinion now reverses the McConnell case with gratuitous words that "paragraph (1) seems unmistakably clear." Four years ago, in McConnell, we did not share such unmistakable clarity. It is now said that everything in the statute should be read together to effect equity, except that in reading them together you lend importance to each section in *chronological* order, not per tout et non per my. The reversal now of the McConnell case of only four years vintage, which case seems to me to be as sensible, may be commendable for candor, but a wee bit disturbing to lawyers down town who have to advise their clients.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, J.

1. 13 Utah 2d 395, 375 P.2d 394.