464 P.2d 596

Don Gerald WILLIAMS, James Allen Scott, Jeanette Walton, Administratrix of the Estate of Robert Walton, Deceased, Boyd Simmons, Angelo Melo, Waulstine McNeeley and William J. Roedel, Plaintiffs and Respondents,

v.

UTAH STATE DEPARTMENT OF FINANCE as Administrator of the State Insurance Fund, Defendant and Appellant.

No. 11753.

Supreme Court of Utah.

Jan. 29, 1970.

**439**

Vernon B. Romney, Atty. Gen., Leedy & Bown, Richard J. Leedy, Salt Lake City, for defendant-appellant.

Ford G. Scalley, Gayle Dean Hunt, Dwight L. King, Salt Lake City, for plaintiffs-respondents.

HENRIOD, Justice.

Appeal from judgments for each of the above plaintiffs, requiring the State Insurance Fund, carrier for Workmen's Compensation claims, to pay a proportionate share of the costs and attorneys' fees in actions brought by plaintiffs against third-party tortfeasors, where judgments were recovered and the plaintiffs reimbursed the Fund in full for the amounts of awards paid to them from the Insurance Fund,— all of which is provided for and governed by Title 35–1–62, Utah Code Annotated 1953, set out at length in McConnell v. Comm. of Finance, 13 Utah 2d 395, 375 P.2d 394 (1962), a case relied on by appellant in the instant litigation. Reversed, with no costs awarded.

Pertinent and essential facts may be abstracted as follows: Each plaintiff 1) suffered on-the-job injuries, 2) received compensation from the Fund under the Workmen's Compensation Act (Title 35–1, U.C. A.1953), 3) sued and recovered judgment against third-party tortfeasors, 4) paid the costs and attorneys' fees incident thereto, 5) returned to the Fund amounts they had received therefrom, 6) but under protest, after refusal of the administrators of the Fund to share in such expenses, 7) all of which occurred *before* this court's decision in Worthen v. Shurtleff & Andrews, Inc.,[1] which required those administering the Fund to share such expenses in a similar case, but 8) *after* the then subsisting governing case of McConnell v. Comm. of Finance was decided by this court, which case was overruled in a three to two decision in the Worthen case, insofar as it was inconsistent with the latter decision.

The main point on appeal and our conclusions with respect thereto are as follows:

That Worthen v. Shurtleff should not be applied retroactively so as to permit the plaintiffs here to recover part of their costs and attorneys' fees incident to their independent actions against third-party tortfeasors. We agree with this contention.

1. 19 Utah 2d 80, 426 P.2d 223 (1967).

The McConnell case, saying that the insurance carrier, which was not a party to the action against the third-party tortfeasor, did not have to share costs and attorneys' fees under the statute, which required full reimbursement to the carrier, was then the only case interpreting the act involved in not only the Worthen case but the instant cases. Under the *particular* circumstances of the instant cases, we see no reason to indulge the fiction that the McConnell case never really existed, and that therefore (without any logic) it was wasted effort, breath and paper. Since the construction of a statute in the light of existing judicial interpretation (the McConnell case) is the precise issue here, we think and hold that espousing such fiction here simply would amount to judicial legislation.[2] To allay any fears as to the matter before us, our decision prospectively will be authoritative.

We conclude that the following points urged on appeal either are without merit, or are moot because of our decision reflected in the preceding paragraph: That plaintiffs are barred by estoppel, limitation statutes, failure to pursue administrative procedures, are not the real parties in interest and laches.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring in the result).

I concur in the result. If the trial court erroneously adjudged that these plaintiffs pay to defendant more money than was required, the only relief would be by appeal in the several actions then pending and not to pay it under protest and later attempt to recover in a new action under some theory of money had and received.

However, if the trial court did not order excess payment and the same was voluntarily made, then I do not think paying under protest was of any effect. Each plaintiff should have refused to pay to the defendant more than that which was due; and if an action was required to settle the dispute, the time for that action was before the plaintiffs parted with the money.

2. This is not to say that there cannot be decisions that have retroactive effect in a given set of circumstances.