496 P.2d 89

Shirley Ann PRETTYMAN, Administratrix of the Estate of Ted LeRoy Prettyman, Deceased, Calvin W. Rawlings, et al., Plaintiffs and Respondents,

v.

UTAH STATE DEPARTMENT OF FINANCE et al., Defendants and Appellants.

No. 12493.

Supreme Court of Utah.

April 7, 1972.

**334**

Richard J. Leedy, Salt Lake City, for defendants and appellants.

Rawlings, Roberts & Black, Brigham E. Roberts, Wayne L. Black, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Shirley Ann Prettyman, widow of Ted LeRoy Prettyman, on November 2, 1965, received a workmen's compensation award that the defendant State Insurance Fund pay a total of $19,245 for her husband's death caused in an industrial accident. As permitted by the statute, she also commenced an action on June 14, 1966, against a third party, H. E. Lowdermilk Company, for damages alleging that its negligence caused the death of her husband. Fourteen months later, August 11, 1967, that action was settled for the sum of $65,000. Of that amount plaintiff had contracted to pay her attorneys (the other named plaintiffs, Cal-vin W. Rawlings, et al.,) one-third. Up to the time of the settlement, the defendant State Insurance Fund had paid the sum of $5,985 on the total award. Out of the settlement it was reimbursed the $5,985, and was relieved from paying the remaining $13,260 of the award pursuant to Section 35–1–62, U.C.A.1953, quoted below.

Plaintiff and her attorneys (the joint plaintiffs) contend that the defendant State Insurance Fund should pay its proportional share of the attorneys' fees incurred by the plaintiff in obtaining the settlement. That is, that it should pay one-third ($6,415) of the $19,225 that it was required to pay by the Industrial Commission award, and of which it is now relieved by the settlement. Defendant Insurance Fund takes the position that it should not be required to pay any attorneys' fees, and alternatively, that if it is required to pay attorneys' fees, it should only be one-third of the $5,985 it had paid on the award up to the time of settlement, and for which amount it received reimbursement.

The problem which underlies this lawsuit is in the interpretation and application of Section 35–1–62, U.C.A.1953. It provides that when workmen's compensation has been paid for the death of an employee, his representative:

　.　.　. may also have an action for damages against such third person.

and further

If any recovery is obtained against such third person it shall be disbursed as follows:

(1) The reasonable expense of the action, including attorneys' fees, shall be paid and charged proportionately against the parties as their interests may appear.

(2) The person liable for compensation payments shall be reimbursed in full for all payments made.

(3) The balance shall be paid to the injured employee or his heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation.

In the case of McConnell v. Commissioner of Finance [1] this court in 1962 had said that that statute did not require the State Insurance Fund to pay its proportionate share of the attorneys' fees for recovery against a third-party tort-feasor which reimbursed it. However, in 1967 in the case of Worthen v. Shurtleff and Andrews, Inc.[2] this court decided a similar problem the other way, i. e., that the State Insurance Fund was required to pay its proportionate share of a reasonable attorneys' fee incurred in a lawsuit and settlement which resulted in relieving it from the burden of paying the workmen's compensation award.

Defendant makes the contention that because the "operative facts," i. e., the death of Mr. Prettyman, and the award of compensation, had occurred in 1965, while the McConnell decision was extant and prior to the decision in the Worthen case, defendant is not required to pay any share of the attorneys' fee. We cannot agree with this contention. The effect of the Worthen decision was simply to declare what the majority of this court thought was the correct application of that statute. Moreover, the settlement by the plaintiffs herein of the case against Lowdermilk Company, and the receipt of the money, did not occur until August 11, 1967, four months after the Worthen decision. So in any event that was the adjudicated law at the time the settlement was made and would govern the rights in and allocation of the money received in the settlement.[3]

We also fail to see merit in the defendants' alternative contention, that it is required to pay a share of the attorneys' fee, it should only be upon the sum of the $5,985 it had already paid to the plaintiff on the award. It requires but little reflection to realize that if the amount of the proportional participation in attorneys' fees by the State Insurance Fund (or insurance carrier) were based only on the amount that had already been paid up to the time

---

1. 13 Utah 2d 395, 375 P.2d 394 (1962).

2. 19 Utah 2d 80, 426 P.2d 233 (1967).

3. Drapers v. Travelers Insurance Co., 429 F.2d 44 (10 CCA 1970).

the settlement was made, or a judgment obtained and collected, there could result uncertainties, inequities, and possible machinations in delay to obtain maximum attorneys' fees. These evils are avoided by simply dealing with the total sums involved and by charging the attorneys' fees as the statute says, "proportionately against the parties as their interests may appear," as was done in the instant case.

In accord with the Worthen case referred to above,[4] inasmuch as the defendant State Insurance Fund was relieved from the burden of paying the award of $19,-245, it is our opinion that it is in conformity with equity and justice, and the reasonable application of the controlling statute, Section 35–1–62, hereinabove quoted, that the State Insurance Fund (or insurance carrier) should bear its pro rata share of whatever attorneys' fee was reasonable in obtaining the settlement.

Affirmed. Costs to plaintiffs (respondents).

TUCKETT and ELLETT, JJ., concur.

CALLISTER, Chief Justice (dissenting):

I respectfully dissent. I believe the opinion in McConnell v. Commission of Finance[1] correctly expressed the proper interpretation of Section 35–1–62, U.C.A. 1953. Even conceding that Worthen v. Shurtleff and Andrews, Inc.,[2] is the law in this jurisdiction, it is inconceivable that the provisions of Section 35–1–62 may be so construed as to permit a contingency fee of one-third of a compensation award to an attorney from the Insurance Fund. The result in the instant case particularly illustrates the absurdity of the situation; the Insurance Fund in order to be reimbursed must pay a greater sum for attorneys' fees than it has already disbursed under the award.

The present construction of Section 35–1–62 presents an anomalous situation and excludes from consideration the precept that all sections of an act should be construed together so as to harmonize apparently conflicting provisions. Under Section 35–1–87, U.C.A.1953, the Industrial Commission is empowered to regulate and fix the fees of attorneys. In construing this section, this court stated that in a compensation proceeding a different measure should be applied than in contingent fee cases in court or upon contracts based upon *unliquidated* claims.[3] This court explained that if an injured employee be entitled to recover under the Workmen's Compensation Act, the amount is fixed and definite and not

---

4. Footnote 2 above, as stated in that case, the reasonableness of the fee is to be determined by the trial court.

1. 13 Utah 2d 395, 396–397, 375 P.2d 394 (1962).

2. 19 Utah 2d 80, 426 P.2d 223 (1967).

3. Ellis v. Industrial Comm., 91 Utah 432, 446–447, 64 P.2d 303 (1937).

contingent; and therefore, fees for attorneys are not measured by the same standard as in legal proceeding before the courts.

I cannot uphold an interpretation which creates such a patent inconsistency, namely, in making an initial award, attorneys' fees are set at a nominal standard by the Industrial Commission, but if reimbursement from a third party be in issue, an unlimited amount of the Insurance Fund may be consumed for an attorney's fees.

HENRIOD, J., concurs in the views expressed in the dissenting opinion of CALLISTER, C. J.