2004 UT 57

Jody ANDERSON, individually and as Guardian of her minor children Sasha Bree Anderson and Conley Karl Anderson, Plaintiff and Appellant,

v.

UNITED PARCEL SERVICE, an Ohio corporation; and Liberty Mutual Insurance Company, a Massachusetts company, Defendants and Appellees.

No. 20020473.

Supreme Court of Utah.

July 9, 2004.

Fred R. Silvester, Spencer Siebers, Salt Lake City, for plaintiff.

Michael E. Dyer, Kira M. Slawson, Salt Lake City, for defendants.

DURRANT, Justice:

¶ 1 This case arises from the death of an employee killed in the course and scope of his employment due to the conduct of a third person, not his employer. Under these circumstances, section 34A–2–106 of the Workers' Compensation Act provides that any recovery obtained in an action against the third person must go first to reimburse the employer, or insurance carrier, for any workers' compensation benefits paid, less the costs of the action. Appellant, the spouse of the deceased employee, requested the district court to apply principles of equitable subrogation, rather than the statutory reimbursement provision, arguing that the statutory scheme was inconsistent with the Utah Constitution and that she should be "made whole" before the employer or insurer should be entitled to reimbursement. The district court dismissed appellant's claim, holding equitable subrogation inapplicable in the face of the statutory scheme, which it found to be constitutional. We affirm.

## BACKGROUND

¶ 2 In April 1998, Karl Anderson was killed in an automobile accident while in the course and scope of his employment with United Parcel Service ("UPS"). UPS was not at fault in the accident. Mr. Anderson is survived by his wife, Jody Anderson, and two minor children ("the Andersons"). Pursuant to the Workers' Compensation Act ("WCA"), Utah Code Ann. §§ 34A–2–101 to –803 (2001), the Utah Labor Commission awarded workers' compensation benefits to the Andersons. Payment of these benefits is the responsibility of UPS and its workers' compensation insurance carrier, Liberty Mutual Insurance Company (collectively, "the Insurers").

¶ 3 In November 1998, the Andersons brought an action for wrongful death against Jacob Gregory ("Gregory"), alleging that Gregory's reckless driving proximately caused Mr. Anderson's death. The Andersons discovered that Gregory was only insured for losses up to $100,000 and had minimal other assets. Pursuant to section 34A–2–106(5) of the WCA, the Insurers asserted their statutory right to first-dollar reimbursement from any recovery the Andersons obtained from Gregory. The Insurers expected their liability to the Andersons to far exceed the $100,000 recovery.[1] Therefore, applying first-dollar reimbursement as required by section 34A–2–106(5), the Insurers would be entitled to the entire $100,000, less litigation costs and attorney fees, and the Andersons would receive nothing from the recovery.

¶ 4 As the Andersons calculated their total economic loss to significantly exceed the amount provided through workers' compensation benefits,[2] they contested the fairness of the Insurers' statutory right to reimbursement. The Andersons cross-claimed against the co-plaintiff Insurers for a declaratory judgment, asking the district court to allocate the distribution of any third-party recovery in accordance with principles of equitable subrogation. The Andersons reasoned that, because a strict application of the reimbursement provision would require all of their recovery to go to the Insurers, such an application would effectively abrogate their cause of action against Gregory and would be in-

---

1. The Insurers assert that, depending on Mrs. Anderson's life expectancy and whether she remarries, they may be liable to her for nearly $750,000 in workers' compensation benefits.

2. The Andersons' expert witness calculated their total economic losses from Mr. Anderson's death at no less than $926,434.

consistent with article XVI, section 5 of the Utah Constitution, which prohibits any abrogation of, or statutory limitation on, the right to recover damages for wrongful death.

¶5 The Insurers moved to dismiss the Andersons' cross-claim. The Insurers argued that application of section 34A–2–106(5) did not abrogate the Andersons' wrongful death action against Gregory, but only specified how any recovery from that action was to be distributed. Thus, the Insurers concluded that equitable subrogation would be inapplicable since the reimbursement provision is a valid legislative enactment and dispositive of any third-party recovery.

¶6 The district court granted the Insurers' motion to dismiss, finding no conflict between article XVI, section 5 and the distribution plan required by the WCA and, thus, declining to invoke principles of equitable subrogation. The Andersons appeal the district court's decision. This court has jurisdiction pursuant to Utah Code section 78–2–2(3)(j) (2002).

## STANDARD OF REVIEW

¶7 Matters of statutory construction, as well as the issue of whether a statute is constitutional, are questions of law that we review for correctness. *Esquivel v. Labor Comm'n*, 2000 UT 66, ¶13, 7 P.3d 777; *Ryan v. Gold Cross Servs., Inc.*, 903 P.2d 423, 424 (Utah 1995). However, "when reviewing statutes for constitutionality, a statute is presumed constitutional, and 'we resolve any reasonable doubts in favor of constitutionality.'" *Ryan*, 903 P.2d at 424 (quoting *Soc'y of Separationists, Inc. v. Whitehead*, 870 P.2d 916, 920 (Utah 1993)).

## ANALYSIS

I. EQUITABLE SUBROGATION IS INAPPLICABLE IN THE FACE OF THE WCA'S STATUTORY REIMBURSEMENT SCHEME

¶8 The WCA, Utah Code Ann. §§ 34A–2–101 to –803 (2001), is a detailed statutory scheme that provides injured workers or their dependents a "simple, adequate, and speedy means of securing compensation"

for injuries suffered in the course and scope of employment. *Park Utah Consol. Mines Co. v. Indus. Comm'n*, 84 Utah 481, 485–86, 36 P.2d 979, 981 (1934). When a death for which compensation is payable under the WCA is caused by the wrongful act or neglect of a person other than the employer, the employee's dependents may claim compensation from the employer and may also have an action for damages against the third-party tortfeasor. Utah Code Ann. § 34A–2–106(1). The WCA further provides that the employer or the employer's insurance carrier may maintain the action against the third party either in its own name or in the name of the employee's heirs. *Id.* § 34A–2–106(2).

¶9 Where workers' compensation is accepted, any recovery obtained from the third-party tortfeasor is distributed according to the prioritization established in section 34A–2–106(5). First, the expenses of the action, including attorney fees, are to be paid. *Id.* § 34A–2–106(5)(a). Second, the person responsible for compensation payments must be reimbursed for the amount already paid, less the proportionate share of costs and attorney fees. *Id.* § 34A–2–106(5)(b). Third, the remaining balance of the third-party recovery is to be paid to the employee's heirs "to be applied to reduce or satisfy in full" any future obligation accruing against the person liable for compensation payments. *Id.* § 34A–2–106(5)(c).

¶10 Under a strict application of this reimbursement provision, both parties in the present case agree that, due to the limited recovery available from the third-party tortfeasor, any amount the Andersons may obtain in an action against Gregory will go to reimburse the Insurers. Because of the perceived unfairness wrought by such an application, the Andersons suggest that the court should apply principles of equitable subrogation, which, they contend, require that they be "made whole" before the Insurers are entitled to any reimbursement. In support of this proposition, the Andersons cite *Hill v. State Farm Mutual Automobile Insurance Co.*, 765 P.2d 864 (Utah 1988), where we explained that "[s]ubrogation is an equitable doctrine and is governed by equitable principles." *Id.* at 866. "This doctrine," we con-

tinued, "can be modified by contract, but in the absence of express terms to the contrary, the insured must be made whole before the insurer is entitled to be reimbursed from a recovery from the third-party tortfeasor." *Id.*

■ ¶ 11 Contrary to the Andersons' analysis, the equitable doctrine of subrogation that we described in *Hill* is inapplicable to the present case. In *Hill*, we addressed the subrogation claims of an automobile insurer. In the realm of automobile insurance, while an insurer's right to subrogation is provided for by statute, *see* Utah Code Ann. § 31A-21-108 (1994), the statutory scheme supplies no further regulations beyond merely granting the right. Hence, in governing an auto insurer's right to subrogation, a court must, of necessity, apply equitable principles in determining how that right is to be exercised.

■ ¶ 12 In workers' compensation cases, however, the WCA provides a detailed statutory scheme governing how an employer's or insurance carrier's subrogation right may be exercised and how proceeds from an action against a culpable third party are to be distributed. "We have long held that where a conflict arises between the common law and a statute or constitutional law, the common law must yield, because the common law cannot be an authority in opposition to our positive enactments." *Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 7, 61 P.3d 989 (internal quotations and citations omitted). Further, "an equitable remedy is only available where there is no remedy at law." *Mead Corp. v. Dixon Paper Co.*, 907 P.2d 1179, 1187 (Utah Ct.App.1995).

¶ 13 Here, the Andersons are requesting a distribution of the third-party recovery that is contrary to that mandated by the WCA's reimbursement provision. Because "[t]he extent and nature of the subrogation rights of an employer under the workmen's compensation statutes are matters for legislative determination," we are not at liberty to modify a valid legislative enactment, even if, as the Andersons contend, a strict application of the statute yields an inequitable result. *Sullivan v. Scoular Grain Co.*, 853 P.2d 877, 883 n. 7 (Utah 1993) (overruled by statute on other

grounds) (quoting *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465, 625 P.2d 472, 475 (1981) (overruled by statute on other grounds) and citing Kansas workers' compensation law). Thus, inasmuch as the WCA provides a valid and comprehensive statutory scheme governing the allocation of third-party recovery, those provisions, rather than general principles of equitable subrogation, will govern the Insurers' right to reimbursement.

¶ 14 We now turn to a discussion of the Andersons' argument that equitable subrogation should still be applied because the reimbursement provision is inconsistent with both the Utah Constitution and the legislative purpose of the WCA.

## II. SECTION 34A-2-106(5) IS CONSISTENT WITH THE UTAH CONSTITUTION

■ ¶ 15 The Andersons contend that section 34A-2-106(5) should not be strictly applied because it is inconsistent with the Utah Constitution. Specifically, the Andersons argue that the WCA's reimbursement provision does not comport with the plain meaning and intent of article XVI, section 5 of the Utah Constitution, which provides that "[t]he right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law." The Andersons argue that, because the application of section 34A-2-106(5) requires that any recovery they are able to secure from Gregory will go only to the Insurers, the statutory provision either completely abrogates their wrongful death action, or at least places an unauthorized statutory limitation on the amount the Andersons may recover in such an action. We disagree.

¶ 16 Section 34A-2-106 of the WCA does not abrogate any cause of action that the Andersons may have against a third party. Rather, section 34A-2-106(1) specifically acknowledges the Andersons' right to bring an action against the negligent defendants. *See* Utah Code Ann. § 34A-2-106(1)(b) ("[T]he

injured employee or the employee's heirs ... may have an action for damages against the third person."). The simple fact that subsection (5) dictates how recovery from such an action is to be disbursed does not mean that the cause of action itself has been abrogated.

¶ 17 Neither does the reimbursement provision act as a statutory limitation on the "amount recoverable" in an action for injuries resulting in death. Nothing in the statutory language places a limitation on the amount that may be recovered from the third-party tortfeasor. The provision only specifies how that amount is to be allocated between the interested parties. Moreover, even if we were to determine that the WCA reimbursement provision effectively creates a "statutory limitation" on the amount that the Andersons are able to recover from their wrongful death action, such a limitation would not offend the constitutional mandate. Article XVI, section 5 forbids the legislature from placing statutory limitations on the amount recoverable in actions for wrongful death, "*except* in cases where compensation for injuries resulting in death is provided for by law." Utah Const. art. XVI, § 5 (emphasis added). Any limitation on the recovery obtained by the Andersons in their third party action would clearly fall within the scope of the legislative authority granted by the exception clause of the constitutional provision.

¶ 18 As described above, the WCA provides that, if injury or death is caused by the wrongful or negligent actions of a third party, the employee or his dependents may claim compensation from the employer. Utah Code Ann. § 34A–2–106(1)(a). Under this provision, the Andersons were permitted to, and in fact did, accept workers' compensation benefits from the Insurers. The Insurers may be liable to pay such compensation benefits for the rest of Mrs. Anderson's life. Therefore, the Andersons' case is clearly one in which "compensation for injuries resulting in death is provided for by law," and thus, a statutory limitation on the amount recoverable from their wrongful death action would be permitted under the exception granted by article XVI, section 5.

¶ 19 The Andersons assert, however, that the exception clause is inapplicable in this case because the legislative purpose behind the exception clause indicates that it applies only to actions for wrongful death against the *employer* responsible for providing workers' compensation benefits, not to actions for wrongful death against *third-party tortfeasors*. The Andersons argue that the 1921 amendment to article XVI, section 5, adding the exception clause, was created to serve the sole legislative purpose of limiting "an employer's liability for fatal work-related injuries to the payment of death benefits under the [WCA]." *Oliveras v. Caribou–Four Corners, Inc.*, 598 P.2d 1320, 1323 (Utah 1979). Thus, the Andersons conclude that, while a claimant may be precluded from receiving both *compensation* from the *employer* under the WCA as well as *damages* from the *employer* as the result of a wrongful death action, the exception clause does not give the legislature authority to limit the damages recoverable in actions for wrongful death against *third parties*.

¶ 20 When interpreting a state constitutional provision, we begin with the textual language of the provision itself, and if we find the plain meaning of that language to be unambiguous, we need not inquire further. *Grand County v. Emery County*, 2002 UT 57, ¶ 29, 52 P.3d 1148. The Andersons' interpretation of article XVI, section 5 does not comport with the plain meaning of the constitutional provision, which we find to be unambiguous.

¶ 21 Article XVI, section 5 states that the legislature may abrogate, or limit the amount recoverable in, an "action to recover *damages* for injuries resulting in death," in cases where "compensation for injuries resulting in death is provided for by law." Utah Const. art. XVI, § 5 (emphasis added). The provision does not distinguish between damages obtained from an employer or damages obtained from a third party. Rather, it clearly states that *damages* may be limited in cases where *compensation* is provided for by law. The use of the unqualified term "damages" is unambiguous and generally applicable to all damages that may be recovered in an action for injuries resulting in death.

¶ 22 We note that this approach is entirely consistent with the way we have historically applied the reimbursement provision of the WCA. Since its passage in 1917, the WCA has undergone a substantial metamorphosis but has always included provisions addressing actions by employees, their heirs, or dependents, against third-party tortfeasors. Though these provisions have been amended and revised numerous times, they have consistently provided for some type of reimbursement to employers and their insurance carriers out of recoveries obtained from third parties. And while we have never directly addressed the constitutionality of this arrangement, we have always applied it as if it were consistent with the post-amendment constitutional directive of article XVI, section 5. *See e.g., Esquivel v. Labor Comm'n,* 2000 UT 66, ¶ 23, 7 P.3d 777 ("[A] third-party recovery must reimburse the employer or insurer for workers' compensation sums already paid as well as offset for future liability of sums owed."); *Oliveras,* 598 P.2d at 1324 (holding that because the reimbursement provision "should be construed to avoid a conflict with [a]rticle XVI, section 5[ ] of the Constitution," insurers were entitled to be reimbursed out of dependent heirs' share of the third-party recovery, but not from the share of non-dependent heirs who had received no workers' compensation benefits); *Robinson v. Union Pac. R.R. Co.,* 70 Utah 441, 261 P. 9 (1927) (interpreting and approving a provision of the Utah Industrial Act, which permitted employees injured by third parties to elect either to pursue an action against the third party, or to receive compensation and assign the cause of action to the employer).

### III. STRICT APPLICATION OF SECTION 34A–2–106(5) IS CONSISTENT WITH THE INTENT OF THE WCA

■■■ ¶ 23 Finally, the Andersons contend that equitable subrogation is necessary in this case to effectuate the intent of the WCA itself. They argue that "[t]he WCA is inherently an equitable arrangement" and that "[t]he purpose of the right of reimbursement established by [section 34A–2–106(5) ] is only to prevent double recovery by the employee or his or her dependents," or, in other words,

to prevent an injured party from being allowed to retain both compensation from the employer and complete damages from a third party. *See Allstate Ins. Co. v. Bliss,* 725 P.2d 1330, 1334 (Utah 1986). The Andersons assert that, here, since even the entire amount of the workers' compensation benefits and the recovery they would be able to obtain from the third party would be insufficient to cover their damages, "[i]t would be impossible for the Andersons to approach anything akin to a double recovery in this action." The Andersons conclude that in order to preserve the equitable foundations of the WCA, the injured employee or his dependents should be made whole before the Insurers are reimbursed. We disagree.

■■■ ¶ 24 As previously explained, the WCA supersedes common law equitable principles by providing a specific statutory scheme governing an employee's remedies in the case of injury or death. *See supra* Part I. "The court's principal duty in interpreting statutes is to determine legislative intent, and the best evidence of legislative intent is the plain language of the statute." *Sullivan v. Scoular Grain Co.,* 853 P.2d 877, 879 (Utah 1993) (overruled by statute on other grounds); *see also Esquivel v. Labor Comm'n,* 2000 UT 66, ¶ 21, 7 P.3d 777.

¶ 25 The legislative intent underlying the WCA with regard to the disbursement of third-party recoveries is clear from the statutory language. Section 34A–2–106(5) provides as follows:

> If any recovery is obtained against a third person, it shall be disbursed in accordance with [s]ubsections (5)(a) through (c).
>
> (a) The reasonable expense of the action, including attorneys' fees, shall be paid....
>
> (b) *The person liable for compensation payments shall be reimbursed,* less the proportionate share of costs and attorneys' fees ... for the payments made....
>
> (c) The *balance* shall be paid to the injured employee, or the employee's heirs in case of death, *to be applied to reduce or satisfy in full* any obligation thereaf-

ter accruing against the person liable for compensation.

Utah Code Ann. § 34A–2–106(5) (emphasis added). We have previously stated that "[w]hen a statute undertakes an allocation of funds, the sequence in which it does so should be regarded as having some significance." *Worthen v. Shurtleff & Andrews, Inc.*, 19 Utah 2d 80, 84, 426 P.2d 223, 226 (1967). Here, the statute clearly prescribes that any third-party recovery is to be allocated first to pay the costs of the action, second to reimburse the insurer (or employer) for compensation benefits already paid, and finally, the "balance" is to be paid to the injured employee, or his heirs, in which case any future obligation of the person paying compensation benefits will be reduced or satisfied.

¶ 26 The prescribed order dictates that "the insurance carrier has first preference for reimbursement for the amount it has paid as compensation, and the plaintiff can have only any excess that he is able to obtain." *Lanier v. Pyne*, 29 Utah 2d 249, 252–53, 508 P.2d 38, 40 (1973); *see also Baker v. Wycoff*, 95 Utah 199, 217, 79 P.2d 77, 86 (1938) ("The plain meaning of the statute is that the employee is entitled to the sum recovered, *if any*, over and above the amount of compensation paid by the insurer." (emphasis added)). Thus, section 34A–2–106 of the WCA establishes, through legislation, an "equitable arrangement between an injured employee, and an insurer (or employer) who pays him workmen's compensation, with respect to a cause of action against a third party who injures the employee." *Worthen*, 19 Utah 2d at 83, 426 P.2d at 225.

¶ 27 We have stated that

"[t]his [arrangement] is fair to everyone concerned; the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone."

*Taylor v. Indus. Comm'n*, 743 P.2d 1183, 1186 (Utah 1987) (quoting *Shields v. Wyeth Labs., Inc.*, 95 Idaho 572, 513 P.2d 404, 405–06 (1973)). Even though, in this case, there will not be a sufficient recovery from the third person to fully compensate the Andersons, we are not free to change the priorities clearly established by section 34A–2–106(5), which plainly directs that the employer, or the insurance carrier, be reimbursed first and that the employee receive the "balance," or whatever remains.

¶ 28 This outcome does not contravene, but rather preserves, the equitable purpose of the WCA. The WCA is meant to provide an alternative remedy to employees injured or killed in the course and scope of their employment. In the absence of the WCA, an injured employee's only remedy would be a civil action brought against the tortfeasor—an inherently uncertain means of recovery. The WCA guarantees a minimum level of compensation in exchange for which the injured party is required to abide by its terms.

¶ 29 In the case of an employee killed by the wrongful act or neglect of a third-party tortfeasor, if the employee's dependents choose to receive compensation under the WCA, they are entitled to receive the statutorily guaranteed workers' compensation benefits plus any recovery from the third-party tortfeasor that exceeds the amount of workers' compensation benefits for which the employer is liable. Thus, the claimants are never in a worse position for having received workers' compensation benefits.

¶ 30 Any perceived unfairness inherent in the circumstances of this case flows more from the tortfeasor's lack of resources and insurance than it does from the workers' compensation scheme. In any event, any remedy that would afford the Andersons, or similar plaintiffs, a more complete recovery is a matter for legislative, rather than judicial, determination.

## CONCLUSION

¶ 31 Principles of equitable subrogation are inapplicable to a party's right to reimbursement where there is a valid statutory

scheme in place pertinent to the circumstances of the case. The reimbursement provision in section 34A–2–106, which allows first-dollar reimbursement to the party liable for workers' compensation benefits, is a valid legislative enactment that is consistent with both article XVI, section 5 of the Utah Constitution and with the legislative purpose of the WCA itself. Thus, any third-party recovery obtained in this case may appropriately be disbursed in accordance with the terms of section 34A–2–106(5) of the WCA.

¶ 32 We therefore affirm the ruling of the district court.

¶ 33 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.