2014 UT App 79

**CCAM ENTERPRISES, LLC,**
**Petitioner and Appellant,**

v.

**DEPARTMENT OF COMMERCE, DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING; and Mark Steinagel, Respondents and Appellees.**

No. 20121020–CA.

Court of Appeals of Utah.

April 10, 2014.

Chris L. Schmutz, Bountiful, for Appellant.

Sean D. Reyes, Brent A. Burnett, and Tony R. Patterson, Salt Lake City, for Appellees.

Judge J. FREDERIC VOROS JR. authored this Opinion, in which Judges GREGORY K. ORME and JAMES Z. DAVIS concurred.

### Opinion

VOROS, Judge:

¶ 1 This case arises from a dispute over claims for more than $110,000 of cabinetry work. The district court ruled on summary judgment that the assignee of these claims could not collect from the Residence Lien Recovery Fund because, under the statutory

scheme, claims are not assignable. We reverse and remand.

### BACKGROUND

¶ 2 Classic Cabinets performed cabinetry services for Rockin R Enterprises, a general contractor. Classic later merged with another company to form CCAM Enterprises. With few exceptions, Classic's employees, directors, officers, and owners became CCAM's employees, directors, officers, and owners. As part of the merger, Classic assigned to CCAM its "accounts receivable, credit agreements, and account agreements, together with all contract rights, causes of action, and claims arising therefrom."

¶ 3 Rockin R failed to pay Classic for some of the work it performed. CCAM, as Classic's assignee, filed twelve claims for payment from the Residence Lien Recovery Fund (the Fund). The Fund was created by the Lien Recovery Fund Act (LRFA). LRFA serves two purposes. First, it "protects homeowners from having to pay twice for the same improvements. It does so by providing that once the homeowner has paid the general contractor in full, the homeowner and the home are then free from claims and liens of subcontractors who also worked on the home." *Sill v. Hart*, 2007 UT 45, ¶ 14, 162 P.3d 1099 (citing Utah Code Ann. §§ 38–11–102(14), –107(1), –204(3)(b)(LexisNexis Supp.2007)). Second, LRFA protects subcontractors by making reimbursements from the Fund available to eligible subcontractors who never received payment from their general contractors. Utah Code Ann. §§ 38–11–203, –204. The Division of Occupational and Professional Licensing (DOPL), a division of the Utah Department of Commerce (the Department), administers the Fund.

¶ 4 DOPL denied CCAM's claims for reimbursement from the Fund.[1] After DOPL denied CCAM's claims, CCAM sought agency review by the Department. The Department also denied the claims. CCAM then filed a complaint in district court. The district court granted summary judgment in DOPL's favor. It concluded that CCAM could not recover on the assigned claims, because

---

1. DOPL denied three of the claims for reasons    unrelated to this appeal.

CCAM was not a qualified beneficiary under LRFA but merely the assignee of a qualified beneficiary.

## ISSUE AND STANDARD OF REVIEW

¶ 5 This appeal asks whether the assignee of a qualified beneficiary may make a claim on the Fund. "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted). Additionally, the Utah Supreme Court has "consistently held that the proper interpretation of a statute is a question of law that should be reviewed for correctness." *State v. Barrett*, 2005 UT 88, ¶ 14, 127 P.3d 682.

## ANALYSIS

¶ 6 CCAM contends that LRFA permits the assignee of a qualified beneficiary to make a claim on the Fund. CCAM reasons that such claims are assignable because (1) their compensatory nature makes them "property rights and it is presumed that they are assignable, unless the statute contains an explicit and unambiguous expression of legislative intent to prohibit assignment"; (2) the common law generally allows for assignment of claims; and (3) the Fund's provisions and rules "do not explicitly and unambiguously prohibit assignment."

¶ 7 DOPL responds that claims on the Fund are not assignable, because the statute requires that the claimant be a qualified beneficiary and CCAM is not itself a qualified beneficiary but the assignee of a qualified beneficiary. DOPL also asserts that LRFA's rules illustrate that an assignee may not make a claim on the Fund. The district court concluded that, as a matter of law, "CCAM is not a qualified beneficiary, but rather a successor and assignee of Classic," and thus may not make a claim on the Fund.

¶ 8 At common law, "an assignee stands in the shoes of its assignor.... [T]he purpose behind the rule is that an assignee has rights and liabilities identical to those of its assignor." *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 2010 UT 6, ¶¶ 11, 15, 230 P.3d 1000. Furthermore, statutory claims are assignable unless the statute dictates otherwise. *See Westgate Resorts, Ltd. v. Consumer Prot. Group, LLC*, 2012 UT 55, ¶ 35, 285 P.3d 1219. But where a statute conflicts with the common law, the common law must yield. *Anderson v. United Parcel Serv.*, 2004 UT 57, ¶ 12, 96 P.3d 903.

¶ 9 To interpret a statute, we begin by looking to the plain language. *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 15, 266 P.3d 702. We give effect to the "purpose the statute was meant to achieve" as evidenced by its plain language. *Id.* (citation and internal quotation marks omitted). Nevertheless, "[s]tatutes are not to be construed as effecting any change in the common law beyond that which is clearly indicated." *Horne v. Horne*, 737 P.2d 244, 248 (Utah 1987).

¶ 10 LRFA does not mention assignment. *See generally* Utah Code Ann. § 38–11–203 (LexisNexis Supp.2007). It states that a claimant may receive payments from the Fund only if "the claimant was a qualified beneficiary during the construction of a residence." *Id.* § 38–11–203(1)(a). But it does not contain a statutory instruction barring assignment. Under these circumstances, the Utah Supreme Court's decision in *Westgate Resorts, Ltd. v. Consumer Protection Group, LLC*, permits the assignee to make the claim. *See* 2012 UT 55, 285 P.3d 1219.

¶ 11 In *Westgate*, the Utah Supreme Court held that because the Utah Consumer Sales Practices Act (the UCSPA) does not specifically bar assignment of claims, claims under the UCSPA are assignable. *Id.* ¶ 35. The UCSPA authorizes a "consumer" to bring a claim for "[a] deceptive act or practice by a supplier in connection with a consumer transaction." Utah Code Ann. § 13–11–4(1) (LexisNexis Supp.2012). Additionally, it provides that "[a] *consumer* who suffers loss as a result of a violation of this chapter may recover." *Id.* § 13–11–19(2) (emphasis added). Consumer Protection Group did not qualify as a consumer but held assigned consumer claims. *See Westgate*, 2012 UT 55,

¶ 4, 285 P.3d 1219. Based on the assigned claims, Consumer Protection Group brought an action for fraud against Westgate under the UCSPA. *Id.* ¶¶ 4–5. The district court ruled that because Consumer Protection Group did not qualify as a "consumer," it could not bring the claims under the UCSPA. *Id.* ¶ 30. The Utah Supreme Court reversed. *Id.* ¶ 36. The court held that "[w]here property is sought to be recovered, claims for fraud are assignable. This would not be true where there is a statutory instruction to the contrary. But the UCSPA does not bar assignability. We therefore see no reason that UCSPA claims should not be assignable." *Id.* ¶ 35.

¶ 12 Likewise, we see no reason that LRFA claims should not be assignable. Like the Consumer Protection Group, CCAM, though not itself a qualified claimant, holds claims assigned by one. And like the UCSPA, LRFA specifies who may make claims, but contains no statutory instruction prohibiting assignment. *See id.* Accordingly, under *Westgate*, CCAM may pursue its assigned claims against the Fund.

¶ 13 This reading of LRFA reinforces its twofold purpose of protecting both homeowners and subcontractors. Subcontractors are protected because they may assign their claims if they change their form of business, close their doors, or for some other reason need to assign their claims. And homeowners are protected because LRFA still provides them protection from subcontractor liens.

¶ 14 DOPL argues that because LRFA creates a "pay-to-play" program, it does not permit CCAM to make a claim on the Fund. But DOPL has not established that the pay-to-play program would be undermined by allowing CCAM to make a claim on the Fund. Classic paid into the fund and met the statutory requirements for a qualified beneficiary. Classic could have made a claim on the Fund but instead assigned its claims to CCAM. So Classic paid, and following assignment, CCAM can now play. Allowing CCAM to pursue the assigned claims neither expands nor shrinks the pool of claimants nor the amount needed to satisfy their claims.

¶ 15 DOPL also asserts that LRFA's rules prohibit an assignee from claiming against the Fund. LRFA's rules state that a *registration* cannot be "transferred, lent, borrowed, sold, exchanged for consideration, assigned, or made available for use by an entity other than the registrant for any reason." Utah Admin. Code R156–38a–301b(4). LRFA's rules also state that "[a]ny change in entity status by a registrant requires registration with the Fund by the new or surviving entity before that entity is a qualified beneficiary." *Id.* R156–38a–301b(1). Finally, LRFA's rules provide that a claimant "shall not be considered a qualified beneficiary registrant merely by virtue of owning or being owned by an entity that is a qualified beneficiary." *Id.* R156–38a–301b(5). But none of these rules prohibits assignment of the claim, and this omission is dispositive under *Westgate*.

CONCLUSION

¶ 16 For the foregoing reasons, the judgment of the district court is reversed and the case remanded for further proceedings.