469 P.2d 3

Dora H. STEVENS, Connie Joy Leigh, Jack Holt Stevens and Alice Dayle Esplin, Plaintiffs and Appellants,

v.

COLORADO FUEL & IRON, a corporation, for whom United States Steel Corporation has been substituted, and Employers Mutuals of Wausau, a corporation, Defendants and Respondents.

No. 11808.

Supreme Court of Utah.

May 7, 1970.

---

2.  See Rule 60(b), Utah Rules of Civil Procedure.

---

Patrick Fenton, Cedar City, for plaintiffs and appellants.

Calvin A. Behle, George W. Latimer, of Parsons, Behle & Latimer, Salt Lake City, for defendants and respondents.

CALLISTER, Justice.

Plaintiffs, the heirs at law of Albert W. Stevens, initiated this wrongful death

action against United States Steel Corporation. Defendant filed a motion to dismiss on the grounds that the plaintiffs failed to state a claim upon which relief could be granted and that under the provisions of Section 35-1-60, U.C.A.1953, plaintiffs' exclusive remedy was under the Workmen's Compensation Act. The trial court dismissed the complaint, and plaintiffs appeal.

A complaint does not fail to state a claim unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.[1]

Albert W. Stevens was an employee of Utah Construction and Mining Company; he worked as a truck driver hauling ore. On the day of the accident, August 19, 1964, Stevens drove a truck loaded with ore from a mining claim owned by defendant; however, the ore had been mined by his employer, Utah, under a contractual arrangement between Utah and defendant. Stevens drove his truck to property owned by Utah; he backed the truck onto the crest of ore dump No. 8. During the dumping process, his truck catapulted backwards down the slope of the dump; he sustained injuries from which he died two days later. Compensation benefits for his death were paid in accordance with Workmen's Compensation Act.

Plaintiffs alleged that at all times Utah was the agent of defendant for the purpose of furnishing iron ore to the defendant, that Utah, in fulfilling the requirements for ore of defendant, hauled away the east end of Stockpile No. 8, leaving it in a precipitous condition, that defendant knew or by the exercise of proper inspection should have known of this condition and installed warning devices, that defendant had a duty to inspect and make safe the places where men worked, and that this duty extended to employees of contractors as well as to defendant's employees. Plaintiffs alleged that defendant's failure to perform the duty which it owed to decedent constituted gross negligence.

Plaintiffs are confronted with a dilemma. If Utah were an agent subject to the supervision and control of defendant, defendant would be an employer (Section 35-1-42, U.C.A.1953) and under Section 35-1-60, U.C.A.1953, the compensation awarded under the Workmen's Compensation Act would be the exclusive remedy. If Utah were an independent contractor, the dangerous condition which allegedly caused Stevens' death would not be subject to the supervision and control of defendant.

Plaintiffs cite Section 35-1-62, U.C.A. 1953, which provides that when death, for which compensation is payable under Title 35, shall have been caused by the wrongful act or neglect of another person not in the

1. Blackham v. Snelgrove, 3 Utah 2d 157, 160, 280 P.2d 453 (1955).

same employment, the heirs or representatives may also have an action for damages against such third person. Plaintiffs assert that defendant was such a third person, that at all times defendant retained the ownership of the ore in the stockpile, that decedent was an invitee thereon, that the duty owed by the possessor of land to a business visitor is to inspect and maintain his premises in a reasonably safe condition or to warn the visitor of any dangerous condition existing thereon,[2] and that defendant violated this duty.

The assertion of mere legal title to the ore in the defendant was an insufficient basis upon which to predicate the duty plaintiffs assert was owed to the decedent. The duty claimed is owed by the possessor of land. The possessor of land is a person who is in occupation of the land with intent to control it.[3]

Plaintiffs contend that Utah was an independent contractor, which by definition excludes control or supervision by defendant, and that the accident occurred on land occupied by Utah. The pleadings and arguments of plaintiffs specifically negate the requisite factual foundation essential to establish their claim. The judgment of the trial court is affirmed. Costs are awarded to defendant.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

2. Rogalski v. Phillips Petroleum Company, 3 Utah 2d 203, 208, 282 P.2d 304 (1955).

3. Restatement of Torts, 2d, § 328E(a).