

**FILED**
October 29, 2024 09:37 AM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| **TARIQ DAVIS**, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, | **Case No. ST-2009-CV-00070** |
| Plaintiffs, | **ACTION FOR DAMAGES** |
| vs. |  |
| **AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE** |  |
| Defendants. |  |

**2024 VI Super 47U**

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on Defendant's American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization ("Defendants" or jointly "AYSO" or "AYSO defendants") Motion for Summary Judgment, filed on February 21, 2020.[1] For the reasons set forth herein, the court will deny the Defendant's motion.

---

[1] Plaintiffs filed an opposition on April 27, 2020. The Court finds that the opposition was filed in a timely manner pursuant to the March 22, 2020 Administrative Order issued by the Supreme Court that extended the filing deadlines due to COVID-19.

While Defendant AYSO filed two Motions for Extension of Time to File Reply to Plaintiffs' Responses in Opposition to Motion for Summary Judgment, the latter of which remains pending, AYSO never filed a reply and the time to do so has passed. The court will deny the latter motion for extension of time under separate order.

## BACKGROUND AND PROCEDURAL HISTORY

¶2    On February 12, 2009, Plaintiffs Tariq Davis, a minor, and his parents, Dianne Bynoe and Roosevelt Davis ("Plaintiffs") filed this action for premises liability and negligence against AYSO and Defendant University of the Virgin Islands, for injuries arising out of an incident that occurred on February 17, 2007, when Plaintiff Tariq Davis ("Tariq"), while at UVI's soccer field before his soccer game hosted by AYSO, ran into the roadway abutting the field to chase an errant soccer ball and was struck by a car.[2] Dianne Bynoe and Roosevelt Davis sued in their individual capacities as well as on behalf of their minor son, Tariq.

¶3    Previously, on February 17, 2015, AYSO filed a Motion for Partial Summary Judgment against Plaintiff Dianne Bynoe. In that motion, AYSO argued that Dianne Bynoe filled out and signed the 2005 Player Registration Form that included an exculpatory provision that released AYSO from all claims Tariq have against AYSO, and that that form continued to bind the Plaintiffs to the next soccer season, when the accident occurred. AYSO argued that their computer records indicate Tariq was a registered player in 2007 and players do not have to fill out a form every year, so the 2005 registration form was still in effect at the time Tariq suffered injuries in 2007. Plaintiff Dianne Bynoe countered that AYSO has used different registration forms, had annual registration periods and collected fees annually.

¶4    On May 18, 2016, the court issued a Memorandum Opinion and Order denying AYSO's Motion for Partial Summary Judgment against Plaintiff Dianne Bynoe.[3] The court found that there

---

[2] Plaintiffs also sued Defendant University of Virgin Islands. But the claims against that defendant are not pertinent to the analysis of the motion at bar.

[3] This memorandum opinion and order were issued by Honorable Adam G. Christian.

was a genuine issue of material fact whether any Registration Form was in effect at the time of the accident because both parties disputed the duration of the agreement, which is material to a contract. The court found that several different conclusions as to the duration of the registration form were available to a reasonable jury, and thus the court denied the motion for partial summary judgment.

¶5    On July 20, 2016, AYSO filed a Motion for Reconsideration of the court's May 18, 2016 Order Denying Defendants American Youth Soccer Organization's and Virgin Islands American Youth Soccer Organization's Motion for Partial Summary Judgment Against Plaintiff Dianne Bynoe. AYSO argued that the court should reconsider the May 18, 2016 Order on the grounds that they had new evidence: an affidavit from Rebecca Garlington, AYSO's Regional Registrar during the 2006-2007 season outlining the procedures upon which players were registered and further identified the player registration form she used when she registered Tariq for the 2006-2007 season[4]; and a deposition of John McDonald, VI AYSO's Coach Administrator for the 2006-2007 season which provided further evidence relating to the registration forms and Rebecca Garlington's role as Registrar.[5] Both pieces of evidence were obtained by AYSO after filing the Motion for Partial Summary Judgment against Plaintiff Dianne Bynoe, but before the court issued the May 18, 2016 Order.

---

[4] Defendants filed a blank copy of the Player Registration Form for the 2006-2007 season with the court, but Defendants do not have a copy filled out or signed by either of Tariq's parents.

[5] Before filing the Motion for Partial Summary Judgment against Plaintiff Dianne Bynoe, AYSO did have an affidavit from John McDonald.

*Davis v. AYSO*                                        Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 4 of 24

## UNDISPUTED MATERIAL FACTS[6]

1. On the day of the accident, Tariq and his father, Plaintiff Roosevelt Davis, arrived at the UVI field at approximately 8:45 a.m.

2. On February 17, 2007, at around 9:45 a.m., Tariq Davis, who was 9 ½ years old at the time, ran out into Julian Jackson Drive from between two parked cars to chase after an errant soccer ball on the adjacent roadway and was hit by an SUV being driven by Defendant LaVar Browne.

3. At the time, Tariq was a member of AYSO, which regularly utilized the UVI field for its young members, who ranged from ages four (4) to nineteen (19), to practice and play soccer.

4. The speed limit on Julian Jackson Drive where the accident occurred was 10 miles per hour.

5. The athletic field is owned by Defendant UVI, not AYSO, and is open to the public.

---

[6] According to V.I. R. Civ. P. 56(c)(2)(B), "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied pursuant to subpart (c)(1) of this Rule, using the corresponding serial numbering, either: (i) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (ii) stating that the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number." Plaintiffs have failed to do that in this case, only providing their own list of facts rather than addressing Defendant AYSO's statement of facts. Additionally, according to V.I. R. Civ. P 56(c)(3), a movant shall respond to any additional facts asserted by the non-moving party by filing a response using the corresponding serial numbering of each such fact to state whether the fact is disputed or not. AYSO failed to do that in this case. Thus, the Court may act in accordance with V.I. R. Civ. P. 56(e), which permits the court to …consider the fact undisputed for purposes of the motion. However, the court only adopted the facts that are completely supported by the record.

6. Julian Jackson Drive is a public roadway owned by the Government of the U.S. Virgin Islands and is adjacent to the UVI athletic field. AYSO had no right or ability to close off Julian Jackson Drive or limit who utilized that street.

7. The northern edge or perimeter of the field was the same elevation as the adjacent road.

8. At the time, Roosevelt Davis was a volunteer assistant coach for AYSO on Tariq's youth soccer team.

9. Tariq Davis was not on the UVI athletic field when he was struck by the motor vehicle.

10. At all times material hereto, the field was an open, unfenced field with no barriers to separate it from the adjacent roadway.

11. AYSO did not have the authority to build a fence on UVI's athletic field or erect any type of barrier on the field.

12. There is no evidence that the UVI athletic field had any hidden dangers or was in any way inherently unsafe; and there is no evidence AYSO created any dangerous condition or that any dangerous condition existed on Julian Jackson Drive on the morning of February 17, 2007.[7]

13. AYSO advised the parents to have their children report early to UVI's field to warm up before their scheduled game.

---

[7] Nothing in this finding of undisputed fact should be interpreted to mean that the court is making any finding regarding the lack of an enclosure. Whether the lack of an enclosure was a dangerous condition must be decided by a jury.

14. After arriving at the field, Tariq was kicking the ball with other AYSO players at the far western end of the athletic field.

15. Roosevelt Davis remained seated in the bleachers on the eastern part of the athletic field.

16. On February 17, 2007, between 9:00 and 9:45 a.m. there was no AYSO soccer game going on at the western end of the UVI field.

17. As a result, Tariq was struck by a Suzuki SUV driving westbound on Julian Jackson Drive and suffered severe injuries.

18. The driver of the SUV was Defendant LaVar Browne.

19. From September 6, 2003, through and including February 17, 2007, Tariq Davis was a registered player with AYSO.

20. Ms. Rebecca Garlington was the Registrar for AYSO on St. Thomas during the 2006-2007 season, and that she was personally responsible for entering the player registration information onto AYSO's national computer system.

21. The 2006-2007 Player Registration Form contains the following exculpatory clause:

I, the undersigned parent or guardian . . . hereby enter into the following agreements **IN CONSIDERATION OF** Player's being able to participate in any way at practices, games or other activities ("EVENTS") sanctioned by the American Youth Soccer Organization ("AYSO") as well as **IN CONSIDERATION OF** myself, Player and anyone else we may invite to attend being able to enter into or upon the premises or facilities where the EVENTS are or will be taking place.

**I HEREBY RELEASE, DISCHARGE AND AGREE TO HOLD HARMLESS, to the fullest extent permitted by law,** AYSO, its players, employees, volunteers, officials, sponsors and other representatives and any and all owners, lessors, lessees or other persons or entities allowing, permitting or authorizing the use of ("RELEASES") **from and all claims, demands, costs, expenses and compensation arising out of or in any way related to an injury**

**or other damage that may result** to said participant or to members of my family or my household or individuals I invite or for whom I am otherwise responsible **while participating in or present at any of the EVENTS, WHETHER FROM THE NEGLIGENCE OF THE RELEASES OR OTHERWISE.** I further acknowledge that AYSO is primarily administered by volunteers rather than paid professionals.

I further acknowledge that this Disclaimer, Assumption of Risk and Waiver is intended to be as broad and inclusive as permitted by the law of the state in which we live . . ..

22. English is Bynoe's native language, and she admits to being proficient in the English language.

23. Bynoe is college educated and worked for the V.I. Department of Health as a Community Education Specialist, and then as a training coordinator for the V.I. Division of Personnel, and she testified that she understood the terms contained in the Player Registration form's release, discharge and hold harmless provision.

## LEGAL STANDARD

¶6      Rule 56 of the Virgin Islands Rules of Civil Procedure contains the legal standard on a ruling for a motion for summary judgment. V.I. R. Civ. P. 56(A) provides that:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Additionally, V.I. R. Civ. P. 56(c)(1) states that "[e]ach summary judgment motion shall include a statement of undisputed facts in a separate section within the motion." The undisputed fact shall

*Davis v. AYSO*                                                    Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 8 of 24

be "supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact."[8]

¶7    A moving party for summary judgment bears the burden of showing no genuine issue of any material fact exists and that it is entitled to judgment as a matter of law.[9] After the moving party has met its burden, the opposing party "must present actual evidence showing a genuine issue for trial."[10] The opposing party "must provide more than a scintilla of supporting evidence to survive a motion for summary judgment."[11] As such, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial."[12]

¶8    V.I. R. Civ. P. 56(c)(2)(B) provides that "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied." Additionally, the opposing party must either agree "that the fact is undisputed for the purpose of ruling on the motion for summary judgment only" or it must state "the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number."[13]

¶9    In *Antilles School, Inc. v. Lembach*, the Virgin Island Supreme Court held that a judgment as a matter of law is appropriate after "considering all of the evidence . . . . the court concludes

---

[8] V.I. R. Civ. P. 56(c)(1).

[9] V.I. R. Civ. P. 56(a).

[10] *Allahar v. 2DD Bjerge Grade, LLC*, 2022 VI SUPER 18U, at *15 (V.I. Super. Ct. Feb. 10, 2022) (citing *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

[11] *Id.* (citing *Anderson v. Am. Fed'n of Teachers*, 67 V.I. 777, 788-89 (V.I. 2017) (citing *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28 (V.I. 2013))).

[12] *Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC*, 2021 VI SUPER 2U, at *8 (V.I. Super. Ct. Jan. 11, 2021) (citing *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (quoting *Williams*, 50 V.I. at 194-95)).

[13] V.I. R. Civ. P. (c)(2)(B).

that a reasonable jury could only enter judgment in favor of the moving party."[14] Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file ... show that there is no genuine issue as to material fact[.]"[15]

¶10 As the moving party, the Defendants have the initial burden of demonstrating that there are no genuine issues as to any material fact.

## DISCUSSION

¶11 In a negligence action, the Plaintiff must satisfy a four-factor test: "(1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant, (3) constituting the factual and legal cause of (4) damages to the plaintiff."[16]

¶12 In a premises liability action, the Plaintiff must satisfy the same four-factor test as traditional negligence claims.[17] The Supreme Court "has recognized foreseeability as 'the touchstone of premises liability in the Virgin Islands' because foreseeability permeates every element of a negligence claim."[18]

¶13 "Given the subjective nature of this test, 'this Court's jurisprudence has consistently favored—wherever possible—the adjudication of negligence cases by a jury, a preference codified by the Legislature in 5 V.I.C. § 1451(a), instead of by a single judge at summary judgment."[19]

---

[14] 64 V.I. 400, 409 (V.I. 2016).

[15] *Rogers v. Gov't Employees' Ret. Sys. of United States Virgin Islands*, 2022 V.I. LEXIS 45, at *14 (V.I. Super. Ct. May 10, 2022) (citing *Anthony*, 58 V.I. at 228) (quoting *Williams*, 50 V.I. at 194).

[16] *Machado v. Yacht Haven Grande U.S.V.I., LLC*, 61 V.I. 373, 380 (V.I. 2014).

[17] *Dover v. Univ. of the V.I.*, 2020 V.I. LEXIS 29, at *7 (V.I. Super. Ct. 2020).

[18] *Aubain v. Kari Foods of the V.I., Inc.*, 70 V.I. 943, 949 (V.I. 2019) (citing *Machado*, 61 V.I. at 394).

[19] *Rymer v. Kmart Corp.*, 68 V.I. 571, 576 (V.I. 2018) (citing *Machado*, 61 V.I. at 399).

*Davis v. AYSO*                                          Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 10 of 24

¶14     For the AYSO Defendants to prevail they must show that there are no issues of material

facts, that they had no legal duty to plaintiffs, or if they did, AYSO and VI AYSO did not breach

the duty. In their motion, the AYSO Defendants argue that: (1) there is no evidence that AYSO or

VI AYSO ever assumed a duty to supervise Tariq on February 17, 2007 because Tariq and his

father arrived hours before Tariq's scheduled game; (2) paramount responsibility for supervising

Tariq rests with his father, not AYSO or VI AYSO; (3) the AYSO Defendants did not own or

control UVI athletic field, so they had no duty to fence or enclose the field; (4) even if the AYSO

Defendants had a legal duty to supervise Tariq and violated that duty, their alleged negligence was

not the proximate cause of Tariq's injuries because LaVar Browne's speeding in a school zone

was an intervening superseding cause; and (5) the AYSO Defendants contend that Tariq's mother,

Dianne Bynoe, filled out and signed the Player Registration Form for the 2006-2007 season, which

included a valid enforceable release, discharge and hold harmless provision which bars the

Plaintiffs claims and requires them to hold AYSO harmless for all costs and expenses.[20]

¶15     For the AYSO Defendants to prevail, the court must find that the record includes sufficient

undisputed facts to entitle the AYSO Defendants to a summary judgment.[21]

---

[20] In raising this issue, Defendants AYSO are renewing their Motion for Reconsideration of Court's May 16, 2018 Order Denying Defendants American Youth Soccer Organization's and Virgin Islands American Youth Soccer Organization's Motion for Partial Summary Judgment Against Plaintiff Dianne Bynoe.

[21] V.I.R. Civ. P. 56(a).

### A. There is a genuine dispute of material facts as to whether AYSO had a duty to adequately supervise Tariq Davis at the time of the accident.

¶16 AYSO and VI AYSO argue that they had no legal duty to supervise Tariq when the accident occurred. They contend that Tariq was not engaged in any AYSO game, practice, or pre-game warm-up, he was simply kicking a soccer ball around with friends at the field. Therefore, they argue, AYSO and VI AYSO had no duty to supervise Tariq at the time of the accident, and as a result they did not negligently supervise Tariq. In addition, they argue that since Tariq's father, Roosevelt Davis, was at the field, Davis had a duty to supervise Tariq.

¶17 Plaintiffs counterargue that Tariq was not just kicking around with his friends: he was engaging in a pre-game warm-up prior to his scheduled AYSO game. While AYSO and VI AYSO contend that Tariq arrived at the field hours prior to his scheduled game, Plaintiffs contend that there was a conflict in the game schedule, unknown to them at the time, and the game was supposed to be earlier: that is, closer to their arrival time. Plaintiffs also argue that there is an issue in dispute as to when a player should arrive at the field before a scheduled game. AYSO contends that, according to their manual, players should arrive 15-30 minutes prior to their scheduled game. However, the Plaintiffs contend that VI AYSO advised the parents to have their children arrive "early" to warm-up prior to their scheduled game.

¶18 To establish a cause of action for negligence, the defendant must have a duty of care towards the plaintiff. The AYSO Defendants argue that a duty to adequately supervise Tariq never began because he was not engaged in an AYSO-sanctioned activity: he was simply playing with

*Davis v. AYSO*                                                    Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 12 of 24

his friends.[22] However, Plaintiffs argue that Tariq was engaged in an AYSO-sanctioned activity: he was warming up for his upcoming game with his teammates.[23] These contrary "facts" advanced by the two sides constitute a genuine issue of material fact. Whether Tariq was engaged in a pre-game warm-up is a question of fact that may only be determined by the jury. This determination is material to decide whether the AYSO Defendants had a duty to adequately supervise Tariq and his teammates at the time of the accident and/or if Davis was the sole legal supervisor. If Tariq had been engaging in a pre-game warm-up, then he was likely the responsibility of AYSO and VI AYSO. But if Tariq had simply been kicking around with his teammates, a jury may decide that AYSO and VI AYSO may have had duty to supervise him at the time of the accident.

## B. There is a genuine dispute of material facts as to the proportion of fault, if any, apportioned to Plaintiffs.

¶19    The AYSO Defendants also argue that they had no legal duty to supervise Tariq because Tariq's father, Roosevelt Davis, had the paramount responsibility of supervising his child as Tariq's father.[24] They argue, therefore that since Tariq's father was present to supervise him and allowed him to go over to the far western end of the field, the duty to supervise Tariq remained with his father, not the AYSO Defendants.

---

[22] This argument is supported by Def.'s Mt. Summ. J., at Exh. 10, Dec. 5, 2013 R. Davis Dep., at p. 137:8-18; 139:17-19; Exh. 12. April 9, 2014 AYSO 30(b)(6) dep., at p. 96:4-8, 10-15, 18-21 & 141:3-145:19; Exh. 13, "U-10 Coaching Manual" at pg 15-17; and Exh. 4, Willis Aff. ¶¶ 14, 18, & 19.

[23] This argument is supported by Pl.'s Opp., at Exh. G., 2013 R. Davis Dep., p. 137; Exh. H., *AYSO Incident Report Form*; and Exh. R., *Uniform Traffic Accident Report*.

[24] This argument is supported by Def.'s Mot. Summ. J., at Exh. 10. 2013 R. Davis Dep., at pp. ¶153:2-20, 161:5-176:3, & 176:17-178:14; Exh. 16, Dec. 9, 2013 R. Davis Dep., at pp. 38:17-44:3, 55:2-61:8, 64:8-13, 83:10-23, & 104:3-10.

¶20    Plaintiffs counter by reasserting that Tariq was engaged in a pre-game warm-up, which is an authorized AYSO activity. Thus, Plaintiffs argue the AYSO Defendants had a duty to provide Tariq and his teammates with adequate supervision.[25] Further, Plaintiffs assert that the AYSO Defendants' argument directly conflicts with 5 V.I.C. § 1451(a), the Virgin Islands contributory negligence statute, which states:

> [i]n any action based upon negligence to recover for injury to person or property, the contributory negligence of the plaintiff shall not bar recovery, but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff.[26]

¶21    Contributory negligence may only bar recovery if the trier of fact finds the plaintiff more at fault than the defendant.[27] The V.I. Supreme Court has held that "if there is evidence suggesting that a plaintiff's actions contributed to her own injury it must be presented to the jury, which may then allocate fault accordingly under section 1451(a)."[28]

¶22    Tariq's father, Roosevelt Davis ("Davis"), is one of the plaintiffs in this case and he was present at the UVI filed on the day Tariq was struck by a car. The AYSO Defendants argue that Davis's "paramount responsibility" as a father to supervise his child trumps a landowner's duty to warn, supervise or protect a child from obvious dangers which the parent is aware of.  In accordance with 5 V.I.C. § 1451(a), even if both AYSO and Roosevelt Davis were negligent, a determination of what proportion of fault is attributable to each party is a factual dispute that should be decided by the jury.

---

[25] *See supra* note 22.
[26] 5 V.I.C. § 1451(a).
[27] *Id.*
[28] *Machado v. Yacht Haven Grande U.S.V.I., LLC*, 61 V.I. 373, 398 (V.I. 2014).

**C. There exists a genuine dispute of fact whether AYSO was a land possessor that owed a duty under the theory of premises liability to make it safer for its young players.**

AYSO and VI AYSO argue that they did not have an obligation to erect a fence or enclose

¶23    UVI's athletic field because AYSO did not own the athletic field or have a right to fence or enclose the field and the athletic field was open to the public.[29]

¶24    Plaintiffs do not dispute that AYSO did not own the field or that the field was open to the public. However, they argue that AYSO selected and utilized the field for its young members' use, and that while utilizing the field, AYSO was in control of the field for the purpose of making sure that those AYSO sanctioned activities were conducted safely. Therefore, Plaintiffs argue AYSO and VI AYSO had a responsibility to select and maintain a safe playing facility at the time of the incident.[30]

¶25    An action for premises liability may be brought against the landowner and/or the land possessor.[31] The Virgin Islands has not yet defined a land possessor in regards to premises liability claims. Thus, pursuant to *Banks*, the parties briefed the issue of the definition of a land possessor of the athletic field.[32]

---

[29] This argument is supported by Def.'s Mot. Summ. J., at Exh. 8, UVI 30(b)(6) dep., at pp. 30:7-13, 32:5-18, 78:16-79:8, 96:23-97:5, & 99:8-23.

[30] Pl.'s Opp., at Exh. C., Mr. Tobin dep., at pp. 97, 109-10, & 131-35; Exh. O., Adalio Araujo dep., at pp. 8-10, 12, 64-65, & 93-94; Exh. V., Lynn Freehill, *9-year-old accident victim still unconscious*, V.I. Daily News, at 1 (2008).

[31] *See Polanco v. Southern Holdings, LLC*, 2024 V.I. 8, at *P7 (V.I. 2024).

[32] Both parties field briefs in response to the Court's September 30, 2024 Order. *See* Defendants' Brief on Possessor of Land and Plaintiffs' Response in Compliance with the Court's Sept. 30. 2024 Order.

*Davis v. AYSO*                                                                    Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 15 of 24

**A. The Court conducted a *Banks* analysis to define the term "land possessor" and adopts a definition that focuses on a party's control over the premises depending upon whether the party could foresee any harms resulting from the conditions of the premises.**

¶26     In a *Banks* analysis, courts must consider three non-dispositive factors: (1) "whether any Virgin Islands courts have previously adopted a particular rule;" (2) "the position taken by a majority of courts from other jurisdictions;" and (3) "which approach represents the soundest rule for the Virgin Islands."[33]

**1. There are two cases in the Virgin Islands that are similar to this case.**

¶27     The closest the Virgin Islands has come to defining a land possessor is when the Virgin Islands Supreme Court decided *Polanco v. Southern Holdings, LLC*.[34] In *Polanco*, the Supreme Court overturned summary judgment in favor of a property owner that had leased the property to another.[35] The Supreme Court held that despite subleasing the property, the landowner was still a land possessor for purposes of premises liability because they had reserved a legal right to reenter the premises and remedy any dangerous conditions caused by the tenant.[36] The Court emphasizes the importance of foreseeability over the label of the defendant, reiterating that "'foreseeability … is the touchstone of the existence of the duty of reasonable or ordinary care' in premises liability actions because 'liability for such foreseeable harms is based on the possessor's superior knowledge of the property.'"[37]

---

[33] *Gov't of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014).

[34] 2024 V.I. 8 (V.I. 2024).

[35] *Id.* at *P3.

[36] *Id.* at *P11.

[37] *Id.* at *P7 (quoting *Perez v. Ritz-Carlton (V.I.) Inc.*, 59 V.I. 522, 533-34 (V.I. 2013)).

*Davis v. AYSO*                                          Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 16 of 24

¶28     While *Polanco* is like this matter, *Polanco* involved a landowner that was not in active.

legal possession of the property. Whereas, in this case, neither AYSO nor VI AYSO own the

subject athletic field or the adjacent street, nor do they have a formal agreement with the landowner

(UVI) granting them explicit possession of the property.

¶29     However, before *Polanco*, the Superior Court had defined a land possessor in *Henry v. V.I.*

*Water & Power Auth.*[38] That case, however, was decided prior to *Gov't of the Virgin Islands v.*

*Connors*[39], and the court had not been required to conduct a *Banks* analysis. Instead, the court, "in

the absence of 'local law to the contrary,'" applied the Restatements.[40] Although the Superior

Court did not conduct a *Banks* analysis, they did define land possessor using Restatement (Third)

of Torts: Liability for Physical and Emotional Harm § 49, discussed below.[41]

2.  **A majority of jurisdictions have adopted Restatement (Second) of Torts § 328E as a definition for "land possessor."**

¶30     AYSO proposes the adoption of Restatement (Third) of Torts: Liability for Physical and

Emotional Harm § 49, which states:

A possessor of land is

(a) a person who occupies the land and controls it;
(b) a person entitled to immediate occupation and control of the land, if no other person is a possessor of the land under subsection (a); or
(c) a person who had occupied the land and controlled it, if no other person subsequently became a possessor under subsection (a) or (b).[42]

---

[38] 2012 V.I. LEXIS 56 (V.I. Super. Ct. 2012).

[39] 60 V.I. 597 (V.I. 2014).

[40] *Henry*, 2012 V.I. LEXIS at fn. 24.

[41] *Id.* at *8 (the court cited to Restat. 3d of Torts: Liability for Physical and Emotional Harm § 52 in its opinion, however, this citation is incorrect, as it actually quotes § 49).

[42] Restat. 3d of Torts: Liability for Physical and Emotional Harm § 49. *See Brenner v. Amerisure Mut. Ins. Co.*, 2017 WI 38 (Wisc. 2017); *Cohen v. Elephant Rock Beach Club, Inc.*, 63 F. Supp. 3d 130, 140 (D. Mass. 2014).

¶31 Plaintiffs do not propose the adoption of a specific Restatement section, rather they ask that the court put more emphasis on a defendant's possession, occupation, and control of a property than whether the defendant is a landowner. They cite to several jurisdictions that define a land possessor as "… a person who is in occupation of land with the intent to control it."[43]

¶32 In conducting its own analysis, the court reviewed Restatement (Second) of Torts § 328E, which states:

> A possessor of land is
>
> (a) a person who is in occupation of the land with the intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b).[44]

¶33 Restatement (Second) of Torts § 328E and Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 49 are both very similar except that §328E defines the previous occupier as the land possessor if no one is occupying the land with intent to control it, whereas

---

[43] *See Cashman v. U.S. Postal Service*, 1989 U.S. Dist. LEXIS 4232, fn. 2 (Me. 1989) (this court cites to Restat. 2d of Torts § 325E (1965)); *Erickson v. Brennan*, 513 A.2d 288, 289 (Me. 1986) (this court cites to Restat. 2d of Torts § 325E (1965)); *Lemmons v. Evcon Indus.*, 2011 U.S. Dist. LEXIS 147079, \*9 (D. Kan. 2011) (this court cites to Restat. 2d of Torts § 328E); *Cohen*, 63 F. Supp. 3d at 139 (as stated above, this case cites to Restat. 3d of Torts: Liability for Physical and Emotional Harm § 49).

[44] Restat. 2d of Torts § 328E. *See Vanterpool v. CTF Hotel Mgmt. Corp.*, 2013 U.S. Dist. LEXIS 158582, \*13-\*14 (D. V.I. 2013); *Muckey v. Dittoeetal*, 235 Neb. 250, 253 (1990); *Davis v. City of Philadelphia*, 987 A.2d 1274, 1279 (Commw. Ct. 2010); *Prestwood v. Taylor*, 728 S.W.2d 455, 459-60 (3d. Ct. App. 1987); *Coulson v. Huntsman Packaging*, 121 Wn. App. 941 (App. Div. 1 2004); *Kloiber v. Jellen*, 207 Conn. App. 616, 625 (Conn. App. 2021); *Tompkins v. Bonnie Plants, Inc.*, 2021 U.S. Dist. LEXIS 1060, \*9 (E.D. Ken. 2021); *Drum v. Northrup Grumman Sys.*, 560 Fed. Appx. 733, 739 (10th Cir. 2014); *Brakeman v. Theta Lambda Chapter of Pi Kappa Alpha*, 2002 Iowa App. LEXIS 1258, \*5 (Iowa App. 2002); *O'Connell v. Turner Constr. Co.*, 409 Ill. App. 3d 819, 824 (1st Dist. Ct. App. 2011); *Smith v. Almida Land & Cattle Co., LLC*, 2015 Ariz. App. Unpub. LEXIS 283, \*4-\*5 (App. Div. 1 2015); *Branscomb v. Wal-Mart Stores E., L.P.*, 165 N.E.3d 982, 986 (Ind. 2021).

under § 49 the party entitled to immediate occupation is the land possessor unless someone is occupying the land. More jurisdictions appear to have adopted § 328E instead of § 49.

### 3. The soundest rule for the Virgin Islands to adopt is a definition of "land possessor" that focuses on a party's control over the premises and whether the party could foresee any harm resulting from conditions on the premises.

¶34 The court, in choosing which definition of "land possessor" to adopt, looked at which definition most closely aligned with current premises liability law in the Virgin Islands.

¶35 In *Machado v. Yacht Haven U.S.V.I., LLC*[45], the Supreme Court abolished the classifications of entrants onto the land, emphasizing the importance of foreseeability over the status of the entrant.[46] *Polanco* put this same emphasis on foreseeability over whether a landowner had actual possession at the time of the incident.[47] This focus on foreseeability over individual classification is a modern negligence trend, and more closely aligns with the Restatement (Third) of Torts: Liability for Physical and Emotional Harm rather than the Restatement (Second) of Torts. Therefore, the soundest rule for this court to adopt is Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 49.

---

[45] 61 V.I. 373 (V.I. 2014).
[46] *Id.* at 386.
[47] *Polanco v. Southern Holdings, LLC*. 2024 V.I. 8, *P7 (V.I. 2024).

## B. The Court finds that there is a genuine dispute of material fact as to whether AYSO and/or VI AYSO were land possessors of the UVI athletic field.

¶36 It is undisputed that the AYSO Defendants are not the owners of the UVI athletic field. However, Plaintiffs contest that the AYSO Defendants were land possessors that were in control of the field for the purpose of ensuring games and practices were conducted safely. As stated above in Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 49(a), a land possessor is, firstly, a "person who occupies the land and controls it."[48] To be a land possessor in control of the land for purposes of premises liability:

> Occupation and control can be demonstrated by ownership of the land, adverse possession, or any other control of the land where the person has the ability to take precautions to reduce the risk of harm to entrants on the land.[49]

Black's Law Dictionary defines occupation as "possession; control; where a person exercises physical control over land."[50] At the time of the incident, the AYSO Defendants were present at the athletic field and had regularly used the field, but there is no evidence that they had actual possession over the field, like a tenant or landowner, such that they could physically control the field.

¶37 Plaintiffs do not dispute that the AYSO Defendants could not fence the area or enclose it in some manner. Instead, Plaintiffs argue the AYSO Defendants had a duty to make sure games and practices were conducted safely, and that included selecting a safe venue for those activities. For example, while the news article Plaintiffs cite to in their argument states that AYSO was going

---

[48] The court finds that subsection (a) of § 49 is the only pertinent section because if there is a land possessor under subsection (a), then subsections (b) and (c) do not apply. Regarding the UVI athletic field, UVI would be a land possessor under subsection (a) because they owned the field, so UVI both occupied the land and controlled it.

[49] *Henry v. V.I. Water & Power Auth.*, 2012 V.I. LEXIS 56, at *9 (V.I. Super. Ct. 2012).

[50] *Occupation*, BLACK'S LAW DICTIONARY (2d ed. 1910).

to act by "shifting younger children's play farther from the road" and "prohibiting parking along the roadway," it does not state that AYSO is going to fence or enclose the field.[51] Instead, it states that AYSO is going to "advocat[e] for increased safety measures," such as "… speed bumps or fences."[52]

¶38    The parties agree that the UVI soccer field is a public field. However, neither party has presented any evidence regarding a legal agreement between the two parties, or a reservation system that may have contained a clause delegating powers related to field safety. Nor do AYSO and VI AYSO present any evidence showing an explicit lack of control, such as an agreement between AYSO and/or VI AYSO and UVI stating that UVI retains exclusive control over the athletic field. Nor do the AYSO Defendants present any evidence showing that any AYSO and VI AYSO representatives lacked the control and familiarity with the athletic field such that any harms resulting from the conditions of the athletic field would not have been foreseeable to the AYSO Defendants. On the other hand, Plaintiffs do not present any evidence showing that either of the AYSO defendants controlled the field itself. Instead, the evidence presented by Plaintiffs shows AYSO's control over AYSO-related activities and AYSO members. But to be a land possessor, a party must have control over the premises itself.

¶39    As stated previously, the V.I. Supreme Court has held that "[g]iven the subjective nature of this test, 'this Court's jurisprudence has consistently favored – wherever possible – the

---

[51] Pl.'s Opp., at Exh. V., Lynn Freehill, *9-year-old accident victim still unconscious*, V.I. Daily News, at 1 (2008).

[52] *Id.* Of course the court is mindful that the rules of evidence preclude the court from considering subsequent remedial measures, except for limited purposes, e.g. impeachment or–if disputed–proving ownership, control or the feasibility of precautionary measures. V.I.R.E. 407. But because the parties cite to the article, the court acknowledges the argument.

adjudication of negligence cases by a jury, a preference codified by the Legislature in 5 V.I.C. § 1451(a), instead of by a single judge at summary judgment."[53] While this court acknowledges that Plaintiffs have not provided strong evidence that a jury could rely upon to find that AYSO was a land possessor in control of the field such that they could erect a fence or enclose the field to improve safety, the court also notes the Plaintiffs' arguments are sufficient to avoid summary judgment since this jurisdiction has a strong preference for this issue of foreseeability being decided by a jury. It is conceivable that a jury could find that the AYSO defendants had a duty to find and/or use a safer athletic field for their purposes.

**D. There is a genuine dispute of material facts regarding whether LaVar Browne was speeding at the time of the accident and whether AYSO's alleged negligence was a proximate cause of Tariq's injuries.**

¶40    The AYSO Defendants also argue that their alleged negligence is not the proximate cause of Tariq's injuries, but that LaVar Browne's speeding in a school zone was an intervening superseding cause that broke the causal chain because speeding in a school zone is an unforeseeable criminal act.[54]

¶41    Plaintiffs argue that a young player being struck by a car while chasing their soccer ball out into the adjacent road was a foreseeable danger. Thus, plaintiffs argue the allegedly speeding vehicle would not be an independent superseding cause. Plaintiffs contend that LaVar Browne was

---

[53] *See supra* note 19.

[54] This argument is supported by Def.'s Mot. Summ. J., at Exh. 1, *Uniform Traffic Accident Report*; Exh. 3, Carolyn Nibbs Aff.; Exh. 4, Willis Aff., at Exh. C.; Exh. 6, Daniel Qualls dep., at p. 28:3-25; Exh. 7, Konnor Kendall dep., at pp. 30:3-16 & 31:9-10; and Exh. 23, Officer Williams dep., at pp. 20:15-21:4, 53:1-7 & 21-25 & 54:1-6.

*Davis v. AYSO*                                           Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 22 of 24

not convicted of speeding, and any errors in his driving would not be a crime or even gross negligence, it would be simple negligence.[55]

¶42    There is a genuine dispute of facts as to whether LaVar Browne's driving was criminal or simple negligence. AYSO supplied several witnesses that report that LaVar was driving approximately 20-35 miles per hour when the speed limit was 10 miles per hour. However, the Plaintiffs show that LaVar Browne was not cited for speeding or even negligent driving and have their own witness to the accident who stated that Browne was not speeding at the time of the accident. These facts directly contradict each other, and thus a jury must determine whether or not Browne was speeding and whether his actions constituted an independent superseding cause.

### E. AYSO's Motion for Reconsideration is denied for lacking sufficient undisputed facts to prove that the Plaintiffs signed the Player Registration Form for the 2006-2007 season.

¶43    Lastly, on July 20, 2016, AYSO filed a Motion for Reconsideration of the court's May 18, 2016 Order that denied the motion for partial summary judgment against Plaintiff Dianne Bynoe. AYSO now seeks summary judgment on the same grounds against the rest of the plaintiffs. AYSO contends that the Player Registration Form for the 2006-2007 soccer season contains an exculpatory provision that bars Plaintiffs' claims against AYSO. While AYSO does not have a copy of the form signed by the Plaintiffs, AYSO contends that Dianne Bynoe would have signed it because the information AYSO and VI AYSO would have received from the Player Registration Form is on their electronic database, and it would not have been on the database if the Registration Form had not been filled out by one of Tariq's parents. AYSO also has copies of the Player

---

[55] This argument is supported by Pl.'s Opp., at Exh. R., *Uniform Traffic Accident Report.*

*Davis v. AYSO*                    Cite as 2024 VI Super 47U
Case No. ST-2009-CV-00070
Memorandum Opinion – AYSO's Motion for Summary Judgment
Page 23 of 24

Registration Form from two previous seasons signed by Dianne Bynoe and proof that she paid the registration fee for the 2007 soccer year.

¶44    Plaintiffs argue that this is an untimely second motion for reconsideration and fails to provide an indisputable, signed exculpatory agreement for the applicable season that was signed by any of the Plaintiffs.[56]

¶45    The Motion to Reconsider is based on new evidence, however both alleged new pieces of evidence were available to AYSO before issuance of the original Order on the Motion for Partial Summary Judgment Against Plaintiff Dianne Bynoe and were obtained from volunteers associated with AYSO. Additionally, and more importantly, AYSO has still failed to produce a signed copy of the Player Registration Form, by any of the Plaintiffs, that was applicable to the 2006-2007 season. Without a signed form, a fact finder could still find that the Plaintiffs did not sign a Player Registration Form for the 2006-2007 season, so the court is precluded from granting summary judgment on any exculpatory clauses on the 2006-2007 form since AYSO has not presented a form signed by Bynoe or Davis.[57]

## CONCLUSION

¶46    Given the analysis herein, the court finds that Defendants AYSO are not entitled to judgment as a matter of law. The court finds that the Plaintiffs have provided sufficient facts showing a genuine dispute exists as to Defendants' liability for negligence and premises liability. Accordingly, the Defendants' Motion for Summary Judgment will be denied.

---

[56] Defendants AYSO submitted two Motions for an Extension of Time to Submit Motion for Reconsideration of the Court's May 18, 2016 Order Denying the AYSO Defendant's Motion for Partial Summary Judgment Against Plaintiff Dianne Bynoe, which the Court will grant. Therefore, The Motion to Reconsider was timely.

[57] The Motion to Reconsider was denied under separate order.

An Order consistent with this Memorandum Opinion will be entered.

DATED:   October 29, 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY:
**LATOYA CAMACHO**
Court Clerk Supervisor   10/29/2024